THOMAS P. BROWN (SB# 182916)
tombrown@paulhastings.com
SAMUEL C. ZUN (SB# 264930)
samuelzun@paulhastings.com
PAUL HASTINGS LLP
55 Second Street
Twenty-Fourth Floor
San Francisco, CA 94105-3441
Telephone: 1 (415) 856-7000
Facsimile: 1 (415) 856-7100

Attorneys for Defendants
Airbnb, Inc.; Balanced, Inc.; Coinbase, Inc.; Dwolla, Inc.; Facebook, Inc.; Facebook Payments, Inc.; Gumroad, Inc.; Square, Inc.; Stripe, Inc.; A-Grade Investments, LLC; A-Grade Investments II, LLC; Union Square Ventures LLC; Union Square Ventures Opportunity Fund, LP; Union Square Ventures 2012 Fund, LP; Brian Chesky; Max Levchin; and Yishan Wong

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| THINK COMPUTER CORP., <br><br> Plaintiffs, <br><br> vs. <br><br> DWOLLA, INC., et al., <br><br> Defendants. | Case No. 5:13-cv-02054-EJD <br><br> **DECLARATION OF SAMUEL C. ZUN IN SUPPORT OF DEFENDANTS' MOTION TO STAY CASE MANAGEMENT CONFERENCE PURSUANT TO CIVIL L.R. 6-3 AND 16-2** <br><br> Hon. Edward J. Davila <br> Complaint Filed: May 6, 2013 <br> First Amended Complaint: June 21, 2013 |

Case No. 5:13-cv-02054-EJD

ZUN DECLARATION ISO
MOT TO STAY CMC

I, Samuel C. Zun, declare as follows:

1. I am a member of the State Bar of California and admitted to practice law in the State of California and before this Court. I am an associate with the law firm of Paul Hastings LLP, counsel for Airbnb, Inc.; Balanced, Inc.; Coinbase, Inc.; Dwolla, Inc.; Facebook, Inc.; Facebook Payments, Inc.; Gumroad, Inc.; Square, Inc.; Stripe, Inc.; A-Grade Investments, LLC; A-Grade Investments II, LLC; Union Square Ventures LLC; Union Square Ventures Opportunity Fund, LP; Union Square Ventures 2012 Fund, LP; Brian Chesky; Max Levchin; and Yishan Wong in this matter. Except as otherwise stated, the facts set forth in this declaration are based on my personal knowledge and, if called upon to do so, I could and would testify competently to the truth of the matters stated.

2. Plaintiff Think Computer Corporation ("Plaintiff") filed its original *pro se* complaint in this action on May 6, 2013.

3. The case was reassigned to this Court on May 7, 2013. Dkt. No. 8. The next day, the Court issued an Order to Show Cause, ordering Plaintiff to appear through counsel by May 22, 2013. Dkt. No. 68.

4. Counsel for Plaintiff appeared on May 21, 2013. Dkt. No. 69. The Court discharged its Order to Show Cause on May 23, 2013, and set a Case Management Conference for September 6, 2013. Dkt. Nos. 70, 72.

5. Nearly one month later, on June 21, 2013, Plaintiff filed its First Amended Complaint. Dkt. No. 76.

6. On August 1, 2013, the parties filed a stipulation enlarging the time for Defendants to respond to the First Amended Complaint and setting an enlarged briefing schedule. Dkt. No. 88. The Court granted the stipulation on August 6, 2013. Dkt. No. 90. Pursuant to the Court's order, Defendants were given until August 8, 2013 to answer or otherwise respond to the Amended Complaint, Plaintiff was given until September 23, 2013 to respond to any motions to dismiss, and Defendants were given until October 14, 2013 to file any replies in support of any motions to dismiss. *Id.*

7. On August 8, 2013, Defendants Airbnb, Inc.; Balanced, Inc.; Coinlab, Inc.; Facebook, Inc.; Facebook Payments, Inc.; Gumroad, Inc.; Square, Inc.; The Board of Trustees of the Leland Stanford Junior University; A-Grade Investments, LLC; A-Grade Investments II, LLC; Andreessen Horowitz Fund I, LP; Andreessen Horowitz Fund I-A, LP; Andreessen Horowitz Fund I-B, LP; Andreessen Horowitz Fund II, LP; Andreessen Horowitz Fund II-A, LP; Andreessen Horowitz Fund II-B, LP; Andreessen Horowitz Fund III, LP; Andreessen Horowitz Fund III (AIV), LP; Andreessen Horowitz Fund III-A, LP; Andreessen Horowitz Fund III-B, LP; Andreessen Horowitz Fund III-Q, LP; Digital Sky Technologies, Limited; DSTG-2 2011 Advisors, LLC; DSTG-2 2011 Investors DLP, LLC; DSTG-2 2011 Investors Onshore, LP; Kleiner Perkins Caufield & Byers, LLC; Kleiner Perkins Caufield & Byers XIII, LLC; Kleiner Perkins Caufield & Byers XIII Founders Fund, LLC; Kleiner Perkins Caufield & Byers XIV, LLC; Kleiner Perkins Caufield & Byers XV, LLC; Sequoia Capital, LLC; Sequoia Capital New Projects, LLC; Sequoia Capital XII, LP; SC XII Management, LLC; Sequoia Capital XII Principals Fund, LLC; Sequoia Capital Scout Fund I, LLC; Sequoia Capital Scout Fund II, LLC; Sequoia Capital U.S. Scout Fund III, LLC; Sequoia Capital U.S. Scout Seed Fund 2013, LP; Sequoia Technology Partners XII, LP; Union Square Ventures LLC; Union Square Ventures Opportunity Fund, LP; Union Square Ventures 2012 Fund, LP; Y Combinator, LLC; Y Combinator Fund I, LP; Y Combinator Fund I GP, LLC; Y Combinator Fund II, LP; Y Combinator Fund II GP, LLC; Y Combinator RE, LLC; Y Combinator S2012, LLC; Y Combinator W2013, LLC; Brian Chesky; Max Levchin; Yuri Milner; and Yishan Wong filed a motion to dismiss the Amended Complaint ("Primary Motion to Dismiss") on both jurisdictional and substantive grounds. Dkt. No. 91. The Primary Motion to Dismiss raises arguments that, if successful, would dispose of Plaintiff's claims against those Defendants in this Court. The Court set a hearing date of January 10, 2014 for the Primary Motion to Dismiss.

8. The same day, Defendants Coinbase, Inc.; Dwolla, Inc.; and Stripe, Inc. joined in the Primary Motion to Dismiss and filed their own motion to dismiss the Lanham Act claim asserted against those three Defendants on both jurisdictional and substantive grounds. Dkt. No. 99. The motion filed by Coinbase, Dwolla, and Stripe raises arguments that, if

successful, would dispose of Plaintiff's claims against those Defendants in this Court. The Court set a hearing date of January 10, 2014 for the Lanham Act Motion to Dismiss.

9. Between August 12, 2013 and August 13, 2013, I conferred by telephone and email with counsel for Defendants ActBlue, LLC; Coinlab, Inc.; The Board of Trustees of the Leland Stanford Junior University; Andreessen Horowitz Fund I, LP; Andreessen Horowitz Fund I-A, LP; Andreessen Horowitz Fund I-B, LP; Andreessen Horowitz Fund II, LP; Andreessen Horowitz Fund II-A, LP; Andreessen Horowitz Fund II-B, LP; Andreessen Horowitz Fund III, LP; Andreessen Horowitz Fund III (AIV), LP; Andreessen Horowitz Fund III-A, LP; Andreessen Horowitz Fund III-B, LP; Andreessen Horowitz Fund III-Q, LP; Digital Sky Technologies, Limited; DSTG-2 2011 Advisors, LLC; DSTG-2 2011 Investors DLP, LLC; DSTG-2 2011 Investors Onshore, LP; Kleiner Perkins Caufield & Byers, LLC; Kleiner Perkins Caufield & Byers XIII, LLC; Kleiner Perkins Caufield & Byers XIII Founders Fund, LLC; Kleiner Perkins Caufield & Byers XIV, LLC; Kleiner Perkins Caufield & Byers XV, LLC; Sequoia Capital, LLC; Sequoia Capital New Projects, LLC; Sequoia Capital XII, LP; SC XII Management, LLC; Sequoia Capital XII Principals Fund, LLC; Sequoia Capital Scout Fund I, LLC; Sequoia Capital Scout Fund II, LLC; Sequoia Capital U.S. Scout Fund III, LLC; Sequoia Capital U.S. Scout Seed Fund 2013, LP; Sequoia Technology Partners XII, LP; Y Combinator, LLC; Y Combinator Fund I, LP; Y Combinator Fund I GP, LLC; Y Combinator Fund II, LP; Y Combinator Fund II GP, LLC; Y Combinator RE, LLC; Y Combinator S2012, LLC; Y Combinator W2013, LLC; and Yuri Milner and I received their consent to seek to stay the Case Management Conference currently set for September 6, 2013, until after the Court rules on the pending motions to dismiss.

10. Between August 13, 2013 and August 16, 2013, I reached out via telephone and email to Plaintiff's counsel. On August 15, 2013, via email Plaintiff's counsel declined to stipulate to stay the Case Management Conference. In a follow-up email on August 16, 2013, Plaintiff's counsel stated that his opposition to staying the case management conference was primarily triggered by his desire to initiate discovery promptly. A true and correct copy of the email chain described in paragraph 10 is attached as Exhibit A.

11. On August 19, 2013, Plaintiff's counsel confirmed via email that Plaintiff opposes Defendants' motion to stay the Case Management Conference.

12. Defendants seek to stay the Case Management Conference until after the Court rules on the pending motions to dismiss in the interest of efficiency and to preserve the Court's and the parties' resources. The Court currently has two potentially case-dispositive motions to dismiss pending before it. Plaintiff's oppositions to those motions are not due until September 23, 2013, more than two weeks after the Case Management Conference is scheduled. The hearings for the pending motions to dismiss are not scheduled until January 10, 2014. Defendants expect that the resolution of the pending motions will help clarify which claims are properly raised in this Court, and against which Defendants. Accordingly, Defendants believe that continuing the Case Management Conference until after the Court rules on the pending motions to dismiss will conserve judicial resources and allow for a more meaningful discussion of case management issues between the parties and the Court.

13. If the Case Management Conference is not stayed, Defendants would face substantial harm and prejudice. Based on the representations of Plaintiff's counsel, Defendants expect that Plaintiff will attempt to initiate discovery promptly. If so, the 62 remaining named Defendants will suffer a substantial additional burden because they will be forced to expend time and resources contending with discovery issues, negotiating scheduling and other case management issues, and preparing initial disclosures. Similarly, the Court's resources may be unnecessarily burdened if the parties engage in additional motion practice regarding discovery or other case management issues. Such burdens are unreasonable at this stage of the litigation, as a meaningful discussion of case management topics will not be possible until the Court has determined which parties and claims, if any, are properly before it in this action.

14. There have been two previous time modifications in this case, both by stipulation. The first modification was an extension of time for certain Defendants to respond to Plaintiff's original complaint. *See, e.g.*, Dkt. No. 74. The second modification was the enlargement of the briefing schedule in response to Plaintiff's First Amended Complaint, as described in paragraph 6, above.

15. The requested time modification would not affect the schedule of the case. Defendants do not seek to alter any existing hearings, including the January 10, 2014 hearing date on the pending motions to dismiss.

I declare under penalty of perjury that the foregoing is true and correct. Executed at San Francisco, California.

DATED: August 19, 2013

_____
Samuel C. Zun