1  IVO LABAR (203492)
   KELLY A. CORCORAN (260268)
2  **KERR & WAGSTAFFE LLP**
   100 Spear St., 18th Floor
3  San Francisco, CA 94105–1528
   Tel: (415) 371-8500
4  Fax: (415) 371-0500
   labar@kerrwagstaffe.com
5  corcoran@kerrwagstaffe.com

6  Attorneys for Defendant
   ACTBLUE, LLC
7  a Massachusetts Limited Liability Company

8                **UNITED STATES DISTRICT COURT**

9               **NORTHERN DISTRICT OF CALIFORNIA**

10                      **SAN JOSE DIVISION**

11

12  THINK COMPUTER CORPORATION,               Case No. 5:13-cv-02054

13                    Plaintiff,              **DEFENDANT ACTBLUE, LLC'S
                                              NOTICE OF MOTION AND MOTION**
14          v.                                **TO DISMISS PLAINTIFF'S FIRST
                                              AMENDED COMPLAINT; JOINDER**
15  DWOLLA, INC.; ACTBLUE, LLC; AIRBNB,       **IN DEFENDANTS' MOTIONS TO
                                              DISMISS;  MEMORANDUM OF**
16  INC.; POUND PAYMENTS ESCROW               **POINTS AND AUTHORITIES**
    SERVICES, INC. DBA BALANCED
17  PAYMENTS; CLINKLE CORPORATION;
    COINBASE, INC.; COINLAB, INC.;
18  FACEBOOK, INC.; FACEBOOK                  Hearing Date: January 10, 2014
    PAYMENTS, INC.; GOPAGO, INC.;             Time: 9:00 a.m.
19  GUMROAD, INC.;                            Place: Courtroom 4
    SQUARE, INC.; THE BOARD OF TRUSTEES       Judge: The Hon. Edward J. Davila
20  OF THE LELAND STANFORD JUNIOR
    UNIVERSITY; A-GRADE INVESTMENTS,
21  LLC; A-GRADE INVESTMENTS II, LLC;
    ANDREESSEN HOROWITZ LLC;
22  ANDREESSEN HOROWITZ FUND I, LP;
    ANDREESSEN HOROWITZ FUND I-A, LP;
23  ANDREESSEN HOROWITZ FUND I-B, LP;
    ANDREESSEN HOROWITZ FUND II, LP;
24  ANDREESSEN HOROWITZ FUND II-A, LP;
    ANDREESSEN HOROWITZ FUND II-B, LP;
25  ANDREESSEN HOROWITZ FUND III, LP;
    ANDREESSEN HOROWITZ FUND III (AIV),
26  LP; ANDREESSEN HOROWITZ FUND III-A,
    LP; ANDREESSEN HOROWITZ FUND III-B,
27

28



Case No. 5:13-cv-2054-EJD                        NOT. OF MTN AND MTN TO
                                                DISMISS FAC; JOINDER

1  LP; ANDREESSEN HOROWITZ FUND III-Q,
   LP; DIGITAL SKY TECHNOLOGIES,
2  LIMITED; DST GLOBAL, LIMITED; DSTG-2
   2011 ADVISORS, LLC; DSTG-2 2011
3  INVESTORS DLP, LLC; DSTG-2 2011
   INVESTORS ONSHORE, LP; KLEINER
4  PERKINS CAUFIELD & BYERS, LLC;
   KLEINER PERKINS CAUFIELD & BYERS
5  XIII, LLC; KLEINER PERKINS CAUFIELD
   &
6  BYERS XIII FOUNDERS FUND, LLC;
7  KLEINER PERKINS CAUFIELD & BYERS
   XIV, LLC; KLEINER PERKINS CAUFIELD
8  &BYERS XV, LLC; SEQUOIA CAPITAL,
   LLC;
9  SEQUOIA CAPITAL NEW PROJECTS, LLC;
   SEQUOIA CAPITAL XII, LP; SC XII
10 MANAGEMENT, LLC; SEQUOIA CAPITAL
   XII PRINCIPALS FUND, LLC; SEQUOIA
11 CAPITAL SCOUT FUND I, LLC; SEQUOIA
   CAPITAL SCOUT FUND II, LLC; SEQUOIA
12 CAPITAL U.S. SCOUT FUND III, LLC;
   SEQUOIA CAPITAL U.S. SCOUT SEED
13 FUND 2013, LP; SEQUOIA TECHNOLOGY
   PARTNERS XII, LP; UNION SQUARE
14 VENTURES LLC; UNION SQUARE
   VENTURES OPPORTUNITY FUND, LP;
15 UNION SQUARE VENTURES 2012 FUND,
   LP; Y COMBINATOR, LLC; Y
16 COMBINATOR FUND I, LP; Y
   COMBINATOR FUND I GP, LLC; Y
17 COMBINATOR FUND II, LP; Y
   COMBINATOR FUND II GP, LLC; Y
18 COMBINATOR RE, LLC; Y COMBINATOR
   S2012, LLC; Y COMBINATOR W2013, LLC;
19 BRIAN CHESKY; MAX LEVCHIN; YURI
   MILNER; YISHAN WONG,
20
21                    Defendants.
22

23

24

25

26

27

28



## NOTICE OF JOINDER AND MOTION TO DISMISS

**TO PLAINTIFF AND ITS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant ActBlue, LLC hereby joins in, and incorporates by reference, the Motion to Dismiss Counts One and Two For Lack of Subject Matter Jurisdiction filed by the other defendants on August 8, 2013 and incorporates those pleadings by reference.  For the reasons set forth in that Motion to Dismiss, Defendant respectfully requests that the Court grant the Motion and dismiss Counts One and Two of Plaintiff's First Amended Complaint without leave to amend.

In addition, on January 10, 2014 at 9:00 a.m., or as soon thereafter as the matter may be heard, in Courtroom 4 (5th Floor) of the United States District Court for the Northern District of California, located at 280 South First Street, San Jose, CA 95113, Defendant ActBlue, LLC ("ActBlue") will and hereby does move this Court pursuant to Federal Rule of Civil Procedure 12(c) for an order dismissing all claims alleged against ActBlue on the grounds that the amended complaint fails to state a claim for relief against ActBlue.

This Joinder and Motion for Judgment on the Pleadings, is based on this Notice of Motion, the attached Memorandum of Points and Authorities, the previously-filed Motions to Dismiss, supporting Memoranda, and all of the pleadings, files, and records in this proceeding, all matters of which the Court may take judicial notice, and any argument or evidence that may be presented to or considered by the Court prior to its ruling.


DATED: August 26, 2013                         **KERR & WAGSTAFFE LLP**


                                               By   /s/ Ivo Labar
                                                    IVO LABAR

                                               Attorneys for Defendant
                                               ActBlue, LLC



## <u>TABLE OF CONTENTS</u>

*Page*

I.  INTRODUCTION AND SUMMARY OF ARGUMENT ................................................. 2

II.  PLAINTIFF'S ALLEGATIONS AGAINST ACTBLUE ................................................. 2

III.  LEGAL STANDARD ........................................................................................................ 3

    A.  Lack of Subject Matter Jurisdiction ................................................................ 3

    B.  Failure to State a Claim ...................................................................................... 4

IV.  JOINDER IN ARGUMENT ............................................................................................. 4

    A.  The Court Does Not Have Subject Matter Jurisdiction Over the State Law
        Claims ...................................................................................................................... 4

    B.  The State law Claims Fail to State A Claim Against ActBlue ........................... 4

V.  CONCLUSION ................................................................................................................... 5



## <u>TABLE OF AUTHORITIES</u>

*Page*

### *Cases*

<u>Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc.</u>,
    637 F.3d 1047 (9th Cir. 2011) ........................................................................ 4

<u>Chavez v. United States</u>,
    683 F.3d 1102 (9th Cir. 2012) ........................................................................ 4

<u>Hunter v. United Van Lines</u>,
    746 F.2d 635 (9th Cir. 1984) .......................................................................... 3

<u>Kokkonen v. Guardian Life Ins. Co. of America</u>,
    511 U.S. 375 (1994).......................................................................................... 3

<u>Kwikset Corp. v. Superior Court</u>,
    51 Cal. 4th 310 (2011) ...................................................................................... 5

### *Statutes*

28 U.S.C. § 1367.............................................................................................. 3, 4

### *Rules*

Fed. R. Civ. Proc. 12....................................................................................... 3, 4



NOT. OF MTN AND MTN TO
DISMISS FAC; JOINDER

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.     INTRODUCTION AND SUMMARY OF ARGUMENT

Defendant ActBlue, LLC ("ActBlue") hereby joins in the motion to dismiss filed by the other defendants.   The amended complaint fails to demonstrate that the Court has subject matter jurisdiction to hear the state law claims, or that Plaintiff has standing to bring its claims against ActBlue.  Accordingly, the amended complaint should be dismissed.

Furthermore, the state law claims against ActBlue fail to state a claim for violation of California's Unfair Competition Law or for the purported claim of unjust enrichment.  The frivolousness of Plaintiff's complaint is highlighted by its deficient state law claims against ActBlue.  ActBlue is a non-profit political action committee that raises modest-sized donations exclusively for Democratic Party candidates and committees.  By contrast, Plaintiff's failed business model involved an effort to create a "virtual wallet" platform called "FaceCash" which supposedly would allow consumers to pay for goods and services through their smartphones.  Plaintiff does not make an effort to include any allegations that would even raise an inference that ActBlue's First Amendment right to help raise donations for political candidates could ever have harmed Plaintiff's failed plans for a profit-making, smartphone based business.  Leave to amend should be denied because Plaintiff cannot cure the defects in these claims.

For the foregoing reasons, ActBlue respectfully requests that the Court dismiss the amended complaint in its entirety and without leave to amend.

## II.     PLAINTIFF'S ALLEGATIONS AGAINST ACTBLUE

ActBlue is a non-profit, Internet-based political action committee that lets Democratic candidates use their websites as a portal to collect donations.  The First Amended Complaint ("FAC") contains only the most cursory allegations against ActBlue.  The FAC alleges that, defendant ActBlue is a limited liability company with its principal place of business in Cambridge, Mass.  (*FAC ¶ 7*).  The amended complaint further alleges that ActBlue operates in the Northern District of California and routinely has conducted and continues to conduct interstate commerce as a money transmitter.  (*Id.*)



1    The only other allegation specifically stated against ActBlue is found in paragraph 60 of

2    the amended complaint, which states, "[ActBlue] aggregates political donations for candidates

3    running for political office by allowing citizens to donate on-line using a payment card. ActBlue

4    then holds the funds, and distributes checks to the candidates on a regular basis. ActBlue

5    transmits money within California. ActBlue does not have a money transmitter license in

6    California or any other state, nor is ActBlue registered with FinCEN as an MSB. Because

7    ActBlue is not licensed to transmit money yet does so anyway, ActBlue violates, at minimum,

8    the California MTA and Section 1960." (*FAC ¶ 60*). There are no other allegations specifically

9    made against ActBlue in the 33-page amended complaint. Based on these meager allegations,

10   Plaintiff asserts claims for violation of the Unfair Competition Law (Cal. Bus. & Prof. Code

11   section 17200) and unjust enrichment.

## III.   **LEGAL STANDARD**

### A.   LACK OF SUBJECT MATTER JURISDICTION

14   Federal courts are courts of limited jurisdiction. Unlike state courts, they have no

15   "inherent" or "general" subject matter jurisdiction. They can adjudicate only those cases which

16   the Constitution and Congress authorize them to adjudicate: basically those involving diversity

17   of citizenship, or a federal question, or to which the U.S. is a party. Kokkonen v. Guardian Life

18   Ins. Co. of America, 511 U.S. 375, 377 (1994). If a court determines at any time that it lacks

19   subject matter jurisdiction, the court must dismiss the action. Fed. R. Civ. Proc. 12(h)(3).

20   Supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) permits the Court, on a

21   discretionary basis, to adjudicate state law claims provided they are *transactionally related* to a

22   valid federal claim. 28 U.S.C. § 1367(a); Hunter v. United Van Lines, 746 F.2d 635, 649 (9th

23   Cir. 1984). The court may decline to exercise supplemental jurisdiction where any of the

24   following factors exist: (1) the state law claim involves a novel or complex issue of state law;

25   (2) the state law claim substantially predominates over the claim on which the court's original

26   jurisdiction is based; (3) the district court has dismissed the claims on which its original

27   jurisdiction was based; or (4) "in exceptional circumstances, there are other compelling reasons

28   for declining jurisdiction." 28 U.S.C. § 1367(c)(1)-(4).

KERR
&
WAGSTAFFE
LLP

3

NOT. OF MTN AND MTN TO
                                                                            DISMISS FAC; JOINDER

## B.   FAILURE TO STATE A CLAIM

A Rule 12(c) motion challenges the legal sufficiency of the opposing party's pleadings. Fed. R. Civ. Proc. 12(c).  Federal Rules 12(b)(6) and (c) are virtually interchangeable.  In deciding a Rule 12(c) motion, the court applies the same standards applicable to a Rule 12(b)(6) motion.  Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc., 637 F.3d 1047, 1054, fn. 4 (9th Cir. 2011).  This includes the Twombly/Iqbal "plausibility" standard.  Chavez v. United States, 683 F.3d 1102, 1108–1109 (9th Cir. 2012).

## IV.   JOINDER IN ARGUMENT

### A.   THE COURT DOES NOT HAVE SUBJECT MATTER JURISDICTION OVER THE STATE LAW CLAIMS

For the reasons expressed in the Primary Motion to Dismiss filed by the other defendants, the Court lacks subject matter jurisdiction here.  Plaintiff has not even alleged supplemental jurisdiction pursuant to 28 U.S.C. section 1367.  Even if it did, the federal Lanham Act claim does not arise out of the same transaction or occurrence as the state law claims because that claim only involves allegations that the Lanham defendants deceived the public and the Investor Defendants.  (FAC 126-133).  This has nothing to do with the non-Lanham defendants, including ActBlue.  Indeed, Plaintiff cannot possibly allege that ActBlue's alleged unlicensed activity under the Money Transmitters Act (which only consists of not-for-profit fundraising for political candidates) has anything to do with any purported harm to Plaintiff's failed business effort to create a system to allow users to pay for goods and services through their smartphones.  Indeed, there is a complete lack of any allegations that would even suggest that Plaintiff's business model even planned to involve raising funds for Democratic political candidates.   None of the discretionary factors of 28 U.S.C section 1367(c)(1-4) weigh in favor of the Court exercising supplemental jurisdiction here, assuming there is a valid federal claim.  ActBlue respectfully requests that the Court decline to exercise supplemental jurisdiction over the state law claims.

### B.   THE STATE LAW CLAIMS FAIL TO STATE A CLAIM AGAINST ACTBLUE

Again, for the reasons expressed in the Primary Motion to Dismiss, the state law claims fail to state a claim against ActBlue or any of the other non-Lanham defendants.  Plaintiff simply

1   does not have standing under section 17200 of the UCL because it was not injured and did not

2   lose any money or property because of ActBlue.  <u>Kwikset Corp. v. Superior Court</u>, 51 Cal. 4th

3   310, 320 (2011) (limiting standing to those who suffered an "injury in fact" and lost money or

4   property).  Plaintiff's own allegations belie any notion of injury in fact or loss of money or

5   property given that Plaintiff's planned business model had nothing to do with ActBlue's not-for-

6   profit political fundraising efforts.  Should the Court grant the Primary Motion to Dismiss, the

7   court should also then grant ActBlue's Rule 12(c) motion for judgment on the pleadings on the

8   same grounds.

9   **V.   <u>CONCLUSION</u>**

10          The court should decline to exercise supplemental jurisdiction over the state law claims,

11  and those claims should also be dismissed for the reasons stated in the Primary Motion to

12  Dismiss.  Defendant ActBlue, LLC respectfully requests that the Court dismiss the amended

13  complaint without leave to amend.[1]

14

15  DATED: August 26, 2013                    **KERR & WAGSTAFFE LLP**

16

17                            By   /s/ Ivo Labar
                                   IVO LABAR

18
19                                 Attorneys for Defendant
                                   ActBlue, LLC

20

21

22

23

24

25

26  _____

27  [1]      ActBlue specifically reserves all of its other affirmative defenses, including, but not
    limited to its right to act as a political action committee pursuant to the First Amendment of the
28  United States Constitution.

