ARNOLD & PORTER LLP
KENNETH G. HAUSMAN (No. 57252)
kenneth.hausman@aporter.com
JOHN T. YOW (No. 270732)
john.yow@aporter.com
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111-4024
Telephone: +1 415.471.3100
Facsimile:  +1 415.471.3400

Attorneys for Defendants
ANDREESSEN HOROWITZ FUND I, LP; ANDREESSEN
HOROWITZ FUND I-A, LP; ANDREESSEN HOROWITZ
FUND I-B, LP; ANDREESSEN HOROWITZ FUND II, LP;
ANDREESSEN HOROWITZ FUND II-A, LP;
ANDREESSEN HOROWITZ FUND II-B, LP;
ANDREESSEN HOROWITZ FUND III, LP; ANDREESSEN
HOROWITZ FUND III (AIV), LP; ANDREESSEN
HOROWITZ FUND III-A, LP; ANDREESSEN HOROWITZ
FUND III-B, LP; ANDREESSEN HOROWITZ FUND III-Q,
LP; Y COMBINATOR, LLC; Y COMBINATOR FUND I,
LP; Y COMBINATOR FUND I GP, LLC; Y COMBINATOR
FUND II, LP; Y COMBINATOR FUND II GP, LLC;
Y COMBINATOR RE, LLC; Y COMBINATOR S2012, LLC;
Y COMBINATOR W2013, LLC

[Additional counsel on signature page]

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| THINK COMPUTER CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>DWOLLA, INC.; ACTBLUE, LLC; AIRBNB, INC.; POUND PAYMENTS ESCROW SERVICES, INC. DBA BALANCED PAYMENTS; CLINKLE CORPORATION; COINBASE, INC.; COINLAB, INC.; FACEBOOK, INC.; FACEBOOK PAYMENTS, INC.; GOPAGO, INC.; GUMROAD, INC.; SQUARE, INC.; STRIPE, INC.; THE BOARD OF TRUSTEES OF THE LELAND STANFORD JUNIOR UNIVERSITY; A-GRADE INVESTMENTS, LLC; A-GRADE INVESTMENTS II, LLC; ANDREESSEN HOROWITZ LLC; ANDREESSEN HOROWITZ FUND I, LP; ANDREESSEN HOROWITZ FUND I-A, LP; ANDREESSEN HOROWITZ FUND I-B, LP; ANDREESSEN HOROWITZ FUND II, LP; | Case No.: 5:13-cv-2054-EJD<br><br>Action Filed: May 6, 2013<br><br>**INVESTOR DEFENDANTS' NOTICE OF MOTION AND MOTION FOR SANCTIONS UNDER FEDERAL RULES OF CIVIL PROCEDURE 11(b)(2) AND 11(c)(2) AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:      January 10, 2014<br>Time:     9 a.m.<br>Dept:     Courtroom 4, 5th Floor<br><br>Trial Date:   None set<br><br>Honorable Edward J. Davila |

1    ANDREESSEN HOROWITZ FUND II-A, LP;
ANDREESSEN HOROWITZ FUND II-B, LP;
2    ANDREESSEN HOROWITZ FUND III, LP;
ANDREESSEN HOROWITZ FUND III (AIV), LP;
3    ANDREESSEN HOROWITZ FUND III-A, LP;
ANDREESSEN HOROWITZ FUND III-B, LP;
4    ANDREESSEN HOROWITZ FUND III-Q, LP;
DIGITAL SKY TECHNOLOGIES, LIMITED; DST
5    GLOBAL, LIMITED; DSTG-2 2011 ADVISORS,
LLC; DSTG-2 2011 INVESTORS DLP, LLC;
6    DSTG-2 2011 INVESTORS ONSHORE, LP;
KLEINER PERKINS CAUFIELD & BYERS, LLC;
7    KLEINER PERKINS CAUFIELD & BYERS XIII,
LLC; KLEINER PERKINS CAUFIELD & BYERS
8    XIII FOUNDERS FUND, LLC; KLEINER
PERKINS CAUFIELD & BYERS XIV, LLC;
9    KLEINER PERKINS CAUFIELD & BYERS XV,
LLC; SEQUOIA CAPITAL, LLC; SEQUOIA
10   CAPITAL NEW PROJECTS, LLC; SEQUOIA
CAPITAL XII, LP; SC XII MANAGEMENT, LLC;
11   SEQUOIA CAPITAL XII PRINCIPALS FUND,
LLC; SEQUOIA CAPITAL SCOUT FUND I, LLC;
12   SEQUOIA CAPITAL SCOUT FUND II, LLC;
SEQUOIA CAPITAL U.S. SCOUT FUND III, LLC;
13   SEQUOIA CAPITAL U.S. SCOUT SEED FUND
2013, LP; SEQUOIA TECHNOLOGY PARTNERS
14   XII, LP; UNION SQUARE VENTURES LLC;
UNION SQUARE VENTURES OPPORTUNITY
15   FUND, LP; UNION SQUARE VENTURES 2012
FUND, LP; Y COMBINATOR, LLC;
16   Y COMBINATOR FUND I, LP; Y COMBINATOR
FUND I GP, LLC; Y COMBINATOR FUND II, LP;
17   Y COMBINATOR FUND II GP, LLC;
Y COMBINATOR RE, LLC; Y COMBINATOR
18   S2012, LLC; Y COMBINATOR W2013, LLC;
BRIAN CHESKY; MAX LEVCHIN; YURI
19   MILNER; YISHAN WONG,

20              Defendants.

21

22

23

24

25

26

27

28

# **TABLE OF CONTENTS**

**Page**

NOTICE OF MOTION AND MOTION .................................................................................. 1

STATEMENT OF ISSUES .................................................................................................... 2

MEMORANDUM OF POINTS AND AUTHORITIES ........................................................ 2

INTRODUCTION .................................................................................................................. 2

FACTUAL BACKGROUND ................................................................................................ 4

I.    THE COURT SHOULD SANCTION PLAINTIFF'S COUNSEL FOR FILING AND NOT WITHDRAWING OR CORRECTING THE FRIVOLOUS FIRST AMENDED COMPLAINT. ..................................................................... 6

    A.    The Amended Complaint Is Frivolous Because Plaintiff Alleges Federal Jurisdiction Against The Investor Defendants Despite Pleading Only State Law Claims Against Them. ...................................................................... 8

    B.    The Claims In The Amended Complaint Are Frivolous And Unwarranted. ... 9

        1.    Plaintiff's UCL Claim Is Frivolous And Unwarranted. ................. 9

        2.    The Unjust Enrichment Claim Is Frivolous And Unwarranted Because Unjust Enrichment Is Not A Cause Of Action Under California Law. ........................................................................ 11

    C.    Counsel For Plaintiff Failed To Perform A Reasonable Inquiry Prior To Filing The Amended Complaint. ............................................................. 11

CONCLUSION AND REQUESTED REMEDY .................................................................. 12

INVESTOR DEFENDANTS' MOTION FOR RULE 11 SANCTIONS

1

**TABLE OF AUTHORITIES**

2

**Page(s)**

3

**Cases**

4

*Archer v. Silver State Helicopters, LLC*,
5     No. 06CV1229, 2007 WL 4258237 (S.D. Cal. Dec. 3, 2007) .......................... 8

6

*Ayvazian v. Moore Law Group*,
    No. 12-cv-01056-ODW(Ex), 2012 WL 2411181 (C.D. Cal. June 26, 2012) ............ 7

7

Buster v. Greisen,
8     104 F.3d 1186 (9th Cir. 1997), abrogated on other grounds, *Fossen v. Blue
    Cross & Blue Shield of Montana*, 660 F.3d 1102 (9th Cir. 2011) ................ 7, 8

9

*Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*,
10     20 Cal. 4th 163 (Cal. 1999) .................................................. 11

11

*Christian v. Mattel, Inc.*,
    286 F.3d 1118 (9th Cir. 2002) ................................................. 6

12

*Clerkin v. MyLife.com, Inc.*,
13     No. 11-cv-00527, 2011 WL 3607496 (N.D. Cal. Aug. 16, 2011) .................. 10

14

*Doe v. Unocal Corp.*,
    248 F.3d 915 (9th Cir. 2001) ................................................ 10

15

*Estate of Blue v. Cnty. of Los Angeles*,
16     120 F.3d 982 (9th Cir. 1997) ................................................ 12

17

*First Horizon Home Loans v. Doost*,
    No. CV09-1906 PHX DGC, 2009 WL 3756523 (D. Ariz. Nov. 9, 2009) ............ 12

18

*G.C. & K.B. Invs., Inc. v. Wilson*,
19     326 F.3d 1096 (9th Cir. 2003) ................................................ 7

20

*In re Tobacco II Cases*,
    46 Cal. 4th 298 (2009) ...................................................... 11

21

*Holgate v. Baldwin*,
22     425 F.3d 671 (9th Cir. 2005) ............................................ 7, 11, 12

23

*K2 Am. Corp. v. Roland Oil & Gas, LLC*,
    653 F.3d 1024 (9th Cir. 2011) ................................................ 8

24

*Kinderstart.com, LLC, v. Google, Inc.*,
25     No. C 06-2057 JF(RS), 2007 WL 831811 (N.D. Cal. Mar. 16, 2007) ............... 7

26

*Kwikset Corp. v. Superior Court*,
    51 Cal. 4th 310 (2011) ....................................................... 9

27

*Lauriedale Assocs., Ltd. v. Wilson*,
28     7 Cal. App. 4th 1439 (1992) ................................................. 11

INVESTOR DEFENDANTS' MOTION FOR RULE 11 SANCTIONS

*Lippitt v. Raymond James Fin. Servs.*,
   340 F.3d 1033 (9th Cir. 2003) .................................................................................... 8

*McBride v. Boughton*,
   123 Cal. App. 4th 379 (2004) .................................................................................... 11

*Moser v. Bret Harte Union High Sch. Dist.*,
   366 F. Supp. 2d 944 (E.D. Cal. 2005) .................................................................................... 7

*Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*,
   494 F.3d 788 (9th Cir. 2007) .................................................................................... 10

*Smith & Green Corp. v. Trs. of Constr. Indus. & Laborers Health & Welfare Trust*,
   244 F. Supp. 2d 1098 (D. Nev. 2003) .................................................................................... 12

*Soler v. Puerto Rico Tel. Co.*,
   230 F. Supp. 2d 232 (D.P.R. 2002) .................................................................................... 8

*Stevedoring Servs. of Am. v. Eggert*,
   953 F.2d 552 (9th Cir. 1992) .................................................................................... 9

*Townsend v. Holman Consulting Corp.*,
   929 F.2d 1358 (9th Cir 1990) .................................................................................... 12

*Troyk v. Farmers Grp., Inc.*,
   171 Cal. App. 4th 1305 (2009) .................................................................................... 9

*Truesdell v. S. Cal. Permanente Med. Grp.*,
   209 F.R.D. 169 (C.D. Cal. 2002) .................................................................................... 9

*Walker ex rel. Walker v. Norwest Corp.*,
   108 F.3d 158 (8th Cir. 1997) .................................................................................... 8

*Willy v. Coastal Corp.*,
   503 U.S. 131 (1992) .................................................................................... 8

**Statutes**

28 U.S.C.
   §1331 .................................................................................... 8
   §1332(c)(1) .................................................................................... 5

Fed. R. Civ. P.
   5 .................................................................................... 2
   11 .................................................................................... 2, 3, 4, 6, 7, 9
   11(b)(2) .................................................................................... 1
   11(c) .................................................................................... 7
   11(c)(2) .................................................................................... 1, 6

Fed. R. Evid. 201(b)(2) .................................................................................... 3

Cal. Bus. & Prof. Code §17200 .................................................................................... 2, 4, 9, 10

Cal. Fin. Code §2030 .................................................................................... 10

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that, on January 10, 2014, at 9:00 a.m., or as soon thereafter as the matter may be heard before the Honorable Edward J. Davila, United States District Judge, in Courtroom 4, 5th Floor, of the United States District Court for the Northern District of California, located at 280 South 1st Street, San Jose, California 95113, Defendants A-Grade Investments, LLC; A-Grade Investments II, LLC; Andreessen Horowitz Fund I, LP; Andreessen Horowitz Fund I-A, LP; Andreessen Horowitz Fund I-B, LP; Andreessen Horowitz Fund II, LP; Andreessen Horowitz Fund II-A, LP; Andreessen Horowitz Fund II-B, LP; Andreessen Horowitz Fund III, LP; Andreessen Horowitz Fund III (AIV), LP; Andreessen Horowitz Fund III-A, LP; Andreessen Horowitz Fund III-B, LP; Andreessen Horowitz Fund III-Q, LP; Digital Sky Technologies, Limited; DSTG-2 2011 Advisors, LLC; DSTG-2 2011 Investors DLP, LLC; DSTG-2 2011 Investors Onshore, LP; Kleiner Perkins Caufield & Byers, LLC; Kleiner Perkins Caufield & Byers XIII, LLC; Kleiner Perkins Caufield & Byers XIII Founders Fund, LLC; Kleiner Perkins Caufield & Byers XIV, LLC; Kleiner Perkins Caufield & Byers XV, LLC; Sequoia Capital, LLC; Sequoia Capital New Projects, LLC; Sequoia Capital XII, LP; SC XII Management, LLC; Sequoia Capital XII Principals Fund, LLC; Sequoia Capital Scout Fund I, LLC; Sequoia Capital Scout Fund II, LLC; Sequoia Capital U.S. Scout Fund III, LLC; Sequoia Capital U.S. Scout Seed Fund 2013, LP; Sequoia Technology Partners XII, LP; Union Square Ventures, LLC; Union Square Ventures Opportunity Fund, LP; Union Square Ventures 2012 Fund; Y Combinator, LLC; Y Combinator Fund I, LP; Y Combinator Fund I GP, LLC; Y Combinator Fund II, LP; Y Combinator Fund II GP, LLC; Y Combinator RE, LLC; Y Combinator S2012, LLC; and Y Combinator W2013, LLC (collectively, the "VC Defendants") along with Brian Chesky, Max Levchin, Yuri Milner, and Yishan Wong (collectively, the "Individual Investor Defendants") (the VC Defendants and the Individual Investor Defendants together, the "Investor Defendants") will and hereby do move, pursuant to Federal Rules of Civil Procedure 11(b)(2) and 11(c)(2), for an order sanctioning Plaintiff Think Computer Corporation's ("Plaintiff" or "Think Computer") counsel for filing and not withdrawing or correcting the First Amended Complaint ("Amended Complaint"). The motion

INVESTOR DEFENDANTS' MOTION FOR RULE 11 SANCTIONS

is made on the grounds that Plaintiff's counsel has chosen to burden this Court and the Investor Defendants with this lawsuit despite the fact that a reasonable inquiry into the facts and law in this instance would have revealed that the claims against the Investor Defendants in the Amended Complaint are not warranted by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law or for establishing new law.  There is no federal jurisdiction for the two claims (California Business & Professions Code Section 17200 and unjust enrichment) asserted against the Investor Defendants in the Amended Complaint, and both claims fail to state a claim on which relief can be granted against the Investor Defendants.

This motion was served on Plaintiff's counsel on August 8, 2013, under Federal Rule of Civil Procedure 5.  The Amended Complaint was not withdrawn or corrected within twenty-one days (plus three days for mailing) after such service.

This motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Kenneth G. Hausman, the pleadings, orders, and other papers on file in this action, and on such other evidence and argument as may be presented to the Court on reply and/or at the time of hearing.

## STATEMENT OF ISSUES

1.      Whether the Court should impose sanctions pursuant to Federal Rule of Civil Procedure 11 against Plaintiff's counsel for filing and not withdrawing or correcting the First Amended Complaint.

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

This lawsuit is brought by Plaintiff Think Computer Corporation.  The VC Defendants are venture capital firms and their funds which invest in a wide array of companies, and are alleged to have invested in some of the other companies named as defendants (the "Operator Defendants"). The Individual Investor Defendants are alleged to have invested in VC Defendant funds or Operator Defendants.  Because there is no federal jurisdiction for the claims asserted against the Investor Defendants (the VC Defendants and the Individual Investor Defendants), and further because the claims asserted against them are not warranted by existing law or by a non-frivolous argument for

INVESTOR DEFENDANTS' MOTION FOR RULE 11 SANCTIONS

1  extending, modifying, or reversing existing law or for establishing new law, the Investor

2  Defendants served this motion on Plaintiff's counsel and asked him to withdraw or correct the

3  Amended Complaint. He failed to do so within 21 days (plus three days for mailing) of service of

4  the motion, and the Investor Defendants request sanctions under Federal Rule of Civil Procedure 11

5  for his failure to do so.

6  According to the Amended Complaint, Plaintiff operated a failed money transmission

7  business known as FaceCash. *See* Amended Complaint ¶¶46-57. FaceCash is now defunct because

8  it opted to close its business after failing to secure the necessary license to operate as a purported

9  Money Service Business in California. *See* Amended Complaint ¶48. Plaintiff does not allege the

10  Investor Defendants impeded its attempts to secure this license. Rather, Plaintiff claims that the

11  state of California is the true culprit, and that its onerous regulatory scheme has made obtaining a

12  license nearly impossible. Indeed, Plaintiff brought a lawsuit against numerous California state

13  officials challenging the state's money transmission licensing practices. *See Think Computer Corp.*

14  *v. Venchiarutti*, No. CV 11-05496-HRL (Jan. 31, 2012) (First Amended Complaint attached as

15  Exhibit A to the Declaration of Kenneth G. Hausman in Support of Investor Defendants' Motion for

16  Sanctions Under Federal Rules Of Civil Procedure 11(b)(2) and 11(c)(2) ("Hausman Decl."), and

17  for which judicial notice is requested under Federal Rule of Evidence 201(b)(2)).

18  Not content to sue these California state officials or similarly accept responsibility for its

19  own failures, Plaintiff now is attempting to blame the FaceCash shutdown on some of its alleged

20  competitors—the Operator Defendants, who allegedly did not comply with the state licensing

21  requirements, and their direct and indirect investors, the Investor Defendants. Even before

22  Plaintiff's counsel filed the Amended Complaint, counsel for some of the Investor Defendants

23  asked Plaintiff's counsel to dismiss them or not name them in the Amended Complaint because of

24  the lack of federal jurisdiction and failure to state a claim in the original Complaint. Upon the filing

25  of the Amended Complaint, the Investor Defendants renewed this request by serving Plaintiff's

26  counsel with this motion on August 8, 2013.

27  The Investor Defendants have spent considerable time and incurred attorneys' fees and other

28  expenses in filing a motion to dismiss the Amended Complaint under Federal Rules of Civil

- 3 -

1   Procedure 12(b)(1) and (b)(6) and this motion under Rule 11.  Plaintiff and its attorney have refused

2   to withdraw or correct the Amended Complaint, which fails to allege federal jurisdiction or state a

3   claim.  The remedy of Rule 11 sanctions is necessary here to deter such abuses of the legal system.[1]

4                                          **FACTUAL BACKGROUND**

5           Plaintiff, a corporation attempting to act pro per, filed its initial complaint ("Complaint") on

6   May 6, 2013.  Dkt. 1.  The Complaint alleged that Plaintiff had to cease operating a money

7   transmission business known as FaceCash because California's "onerous" regulatory scheme

8   prevented it from obtaining the necessary license.  Complaint ¶¶42, 47-52.

9           The Complaint did not allege that any of the named Defendants impeded Plaintiff's effort to

10  obtain a money transmission license.  Plaintiff nevertheless contended the actions of the Operator

11  Defendants and the Investor Defendants somehow impaired its ability to operate a "lawful" money

12  transmission business.  *See id.* ¶¶1-4.  With respect to the VC Defendants and several of the

13  Individual Investor Defendants, the Complaint relied solely on their status as investors in the

14  Operator Defendants as the basis for purported liability.  *Id.* ¶¶30-31, 33, 69-79.  With respect to

15  one of the Individual Investor Defendants, the Complaint's theory of liability was even more remote

16  and relied on his status as an investor in one the VC Defendants, which in turn is an alleged investor

17  in an Operator Defendant.  *Id.* ¶¶32, 79.  Plaintiff seemed particularly miffed by the business

18  judgment of two VC Defendants not to invest in FaceCash.  *See id.* ¶¶83-84.

19

20

21  [1] Plaintiff's CEO is Aaron Greenspan.  *See* Dkt. 1 at 37.  Mr. Greenspan, who claims to be the real
    inventor of Facebook, has bragged on his personal blog how his penchant for legal action somehow
22  benefits society:

23          So there you have it.  I'm not just suing the State of California over its
            unconstitutional law written by financial lobbyists for the exclusive benefit of multi-
24          billion dollar corporations.  I'm also suing Ben Mezrich on copyright infringement,
            defamation, racketeering, and fraud charges, among others.  (And Random House.
            And Sony Pictures.  And Mezrich's shell corporation.)

25
            Does that make me litigious?  Yes, it certainly does.  And I wouldn't have it any
26          other way.  For the real question isn't whether or not I know how to defend my rights
            in court.  The real questions are whether or not it makes me right to do so, and
27          whether or not society will benefit from my having done it.  As Ira Glass and *This
            American Life* have aptly demonstrated, I think the answer to both is "yes."  (*See*
28          Hausman Decl. Ex. B)

INVESTOR DEFENDANTS' MOTION FOR RULE 11 SANCTIONS

The Complaint attempted to allege claims under California Business & Professions Code 17200 (California's Unfair Competition Law ("UCL")) and for unjust enrichment against all Defendants.  Complaint ¶¶86-105.  The Complaint also alleged a violation of the Lanham Act, *solely* against Defendant Dwolla, Inc., an Operator Defendant, for allegedly false statements in various publications about Dwolla's operations.  *Id.* ¶¶106-112.  Finally, the Complaint alleged a cause of action for gross negligence solely against the VC Defendants.  *Id.* ¶¶113-117.

The Complaint alleged jurisdiction based on federal question, diversity, and pendant party.  Complaint ¶¶6-7.  The Complaint, however, implicitly conceded the lack of diversity jurisdiction in alleging that "*many* of the defendants are citizens of different states and/or countries from the plaintiff."  *Id.* ¶7 (emphasis added).  Indeed, the Complaint specifically conceded that Plaintiff and "many" of the VC Defendants are headquartered in, and thus citizens of, California, negating diversity.  *Id.* ¶¶10, 25, 27, 28, 29; *see* 28 U.S.C. §1332(c)(1).  The Complaint did not explain how there could be federal question or pendant party jurisdiction against the Investor Defendants for the exclusively state law claims asserted against them.

Apart from the lack of federal jurisdiction as to the Investor Defendants, the Complaint sought to impose UCL liability on them solely because of their status as direct or indirect investors in the Operator Defendants.  As such, Plaintiff lacked standing to pursue these claims, and no legally cognizable claim was stated against the Investor Defendants.  Indeed, certain allegations appeared to evidence the Complaint was motivated primarily by Plaintiff's frustration at failing to persuade certain of the VC Defendant funds to invest in Plaintiff, rather than any bona fide legal harm.  *See* Compl. ¶¶83-84.

Shortly after Plaintiff filed the Complaint, the Court issued an Order to Show Cause requiring Plaintiff to obtain counsel and not appear pro per.  Plaintiff retained counsel (*see* Dkt. 69) who informed Defendants that he likely would file an amended complaint.  *See* Hausman Decl. ¶5.  Counsel for certain of the Investor Defendants responded to Plaintiff's counsel by noting the deficiencies in the Complaint and urged Plaintiff's counsel not to file an amended complaint repeating the Complaint's frivolous claims against the Investor Defendants.  In a letter to counsel for Plaintiff dated June 11, 2013, counsel for the Andreessen Horowitz and Y Combinator VC

Defendant entities pointed out the lack of federal jurisdiction and the lack of any legally cognizable basis for the claims asserted against them.  Hausman Decl. ¶6 & Ex. C.  Counsel for the Sequoia and Kleiner Perkins VC Defendant entities raised similar concerns in a June 13, 2013 letter, which pointed out that Plaintiff lacked standing to pursue a claim under the UCL and was pursuing otherwise meritless claims.  *Id.* ¶7 & Ex. D.  Counsel for the A-Grade Defendant entities and Individual Investor Defendants Chesky and Wong raised similar concerns in a June 14, 2013 letter.  *Id.* ¶7 & Ex. E.  The letters also raised the specter of Rule 11 sanctions if Plaintiff's counsel chose to file an amended complaint naming these VC Defendants.  *Id.* Exs. C-E.

Undeterred, Plaintiff's counsel continued to ignore basic principles of corporate and procedural law and filed the Amended Complaint on June 21, 2013.  Dkt. 76.  Although it contains a few cosmetic changes (for example, dropping the gross negligence claim) and adds more defendants, the Amended Complaint, like its predecessor, seeks to impose liability on the Investor Defendants under the UCL and for unjust enrichment solely based on their status as direct or indirect investors in some of the Operator Defendants.  *See* Amended Complaint ¶¶99-104.  Like the Complaint, the Amended Complaint alleges a violation of the Lanham Act against (this time) three of the Operator Defendants for allegedly false claims about their own operations, but not against the Investor Defendants.  *Id.* ¶¶118-133.  The Amended Complaint omits the allegations of diversity and pendant party jurisdiction, and alleges solely federal question jurisdiction against all Defendants.  *Id.* ¶31.  As is apparent on the face of the Amended Complaint, there is no federal question jurisdiction for the two state law claims asserted against the Investor Defendants.

Pursuant to Federal Rule of Civil Procedure 11(c)(2), the Investor Defendants served a copy of this motion on Plaintiff's counsel on August 8, 2013.  Hausman Decl. ¶9.

## I.   THE COURT SHOULD SANCTION PLAINTIFF'S COUNSEL FOR FILING AND NOT WITHDRAWING OR CORRECTING THE FRIVOLOUS FIRST AMENDED COMPLAINT.

Federal Rule of Civil Procedure 11 imposes upon attorneys "a duty prior to filing a complaint not only to conduct a reasonable factual investigation, but also to perform adequate legal research that confirms whether the theoretical underpinnings of the complaint are warranted by existing law or a good faith argument for an extension, modification or reversal of existing law."

*Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127, 1132 (9th Cir. 2002) (citation and internal quotation marks omitted) (finding complaint violated Rule 11 and remanding to District Court to further explain sanctions order); *Moser v. Bret Harte Union High Sch. Dist.*, 366 F. Supp. 2d 944, 950 (E.D. Cal. 2005) ("Rule 11 creates and imposes on a party or counsel an affirmative duty to investigate the law and facts before filing."). An attorney who files a complaint without performing this inquiry is subject to sanctions under Rule 11. *See* Fed. R. Civ. P. 11(c).

Where a complaint is the focus of a Rule 11 motion, courts examine "(1) whether the complaint is legally or factually baseless from an objective perspective, and (2) if the attorney has conducted a reasonable and competent inquiry before signing and filing it." *Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005) (citation and internal quotation marks omitted) (awarding Rule 11 sanctions where complaint failed to allege the required elements of the asserted cause of action). A pleading that is "both baseless and made without a reasonable and competent inquiry" into the law and facts is, by definition, deemed "frivolous." *Buster v. Greisen*, 104 F.3d 1186, 1190 (9th Cir. 1997) (citation and internal quotation marks omitted), *abrogated on other grounds*, *Fossen v. Blue Cross & Blue Shield of Montana*, 660 F.3d 1102 (9th Cir. 2011). Courts use an objective standard for determining "frivolousness." This objective standard looks to whether a "competent attorney admitted to practice before the district court" would have filed the document. *G.C. & K.B. Invs., Inc. v. Wilson*, 326 F.3d 1096, 1109 (9th Cir. 2003) (citation and internal quotation marks omitted). "The presence of one non-frivolous claim in the complaint does not insulate the remainder of the complaint from a motion for Rule 11 sanctions." *Kinderstart.com, LLC, v. Google, Inc.*, No. C 06-2057 JF(RS), 2007 WL 831811, at *1, *6 (N.D. Cal. Mar. 16, 2007) (awarding Rule 11 sanctions for "factually baseless" allegations for which plaintiff relied on hearsay); *see also Ayvazian v. Moore Law Group,* No. 12-cv-01056-ODW(Ex), 2012 WL 2411181, at *3, *4 (C.D. Cal. June 26, 2012) (awarding Rule 11 sanctions for complaint containing only conclusory allegations and thus evidencing plaintiff had failed to conduct a "competent inquiry into law and fact before bringing [the] action"). As we explain below, the Amended Complaint is the very type of pleading Rule 11

1    sanctions are designed to deter.  The Court should therefore impose sanctions against Plaintiff's

2    counsel, including an award of attorneys' fees and costs.[2]

       **A.**     **The Amended Complaint Is Frivolous Because Plaintiff Alleges Federal**
3                   **Jurisdiction Against The Investor Defendants Despite Pleading Only State Law**
4                   **Claims Against Them.[3]**

5          Rule 11 sanctions are warranted because the lack of federal jurisdiction is evident on the

6    face of the Amended Complaint.  *See Walker ex rel. Walker v. Norwest Corp.*, 108 F.3d 158, 161

7    (8th Cir. 1997) (imposing sanctions where lack of jurisdiction obvious on the face of the

8    complaint); *Soler v. Puerto Rico Tel. Co.*, 230 F. Supp. 2d 232, 234-35, 238 (D.P.R. 2002) (same);

9    *Archer v. Silver State Helicopters, LLC*, No. 06CV1229, 2007 WL 4258237, at *1 (S.D. Cal.

10   Dec. 3, 2007) ("The Ninth Circuit, like the Eighth Circuit, has recognized the propriety of imposing

11   Rule 11 sanctions where a plaintiff files a complaint which it must have known was completely

12   lacking a jurisdictional basis").  Even though the Amended Complaint asserts only state law claims

13   against the Investor Defendants, it nevertheless alleges the Court has federal question jurisdiction

14   pursuant to 28 U.S.C. §1331.  *See* Amended Complaint ¶31.  Neither Plaintiff's claim under

15   California's Unfair Competition Law nor its common law claim for unjust enrichment arises under

16   federal law or requires the resolution of a substantial question of federal law.  *See K2 Am. Corp. v.*

17   *Roland Oil & Gas, LLC*, 653 F.3d 1024, 1029, 1032 (9th Cir. 2011) (dismissing complaint asserting

18   only state law claims because federal law did not create the cause of action and the plaintiff's right

19   to relief did not depend on the resolution of a substantial federal question); *Lippitt v. Raymond*

20   *James Fin. Servs.*, 340 F.3d 1033, 1046 (9th Cir. 2003) (finding UCL claim did not require

21   resolution of substantial federal question).  There is  no non-frivolous argument for the assertion of

---

[2] The Investor Defendants provide only a summary of the arguments as to why Plaintiff's claims are frivolous and unwarranted as a matter of law.  For a complete explanation of the legal flaws in Plaintiff's claims, the Investor Defendants respectfully direct the Court to the Memorandum of Points and Authorities filed in support of Defendants' motion to dismiss the first two claims in the Amended Complaint.  *See* Dkt. 91.

[3] Even if the Court determines it lacks jurisdiction to substantively consider the claims in the Amended Complaint, it still may award Rule 11 sanctions.  *Buster*, 104 F.3d at 1190 (holding that Rule 11 sanction award survives later determination that the court lacked subject-matter jurisdiction) (citing *Willy v. Coastal Corp.*, 503 U.S. 131, 137 (1992)).

1   federal question jurisdiction over indisputably *state*-law claims levied against the Investor

2   Defendants.

3         Plaintiff cannot cure this error by urging the application of supplemental jurisdiction over

4   the Investor Defendants.  Plaintiff does not assert supplemental jurisdiction or plead facts to support

5   it in the Amended Complaint and therefore cannot claim supplemental jurisdiction as an alternative

6   basis for jurisdiction.  Nor could Plaintiff plead supplemental jurisdiction as the federal Lanham Act

7   claim asserted in the Amended Complaint turns on a completely different set of facts than the two

8   state law claims against the Investor Defendants.  *Stevedoring Servs. of Am. v. Eggert*, 953 F.2d

9   552, 558 (9th Cir. 1992) (requiring the same "nucleus of operative fact" between claims before it is

10  proper to exercise supplemental jurisdiction); *see also* Defendants' Motion to Dismiss Claims One

11  and Two for Lack of Subject-Matter Jurisdiction and for Failure to State a Claim Upon Which

12  Relief Can Be Granted ("Defendants' Motion To Dismiss") at 7-10.  Plaintiff therefore lacks any

13  basis for claiming federal question or supplemental jurisdiction over the Investor Defendants, and

14  cannot use the Lanham Act claim asserted against only three defendants to disguise this fact.

15        That Plaintiff's counsel has not withdrawn or corrected the Amended Complaint despite the

16  obvious lack of federal jurisdiction has resulted in the Investor Defendants incurring fees and costs

17  for a motion to dismiss and this motion.  Rule 11 sanctions are appropriate to reimburse the Investor

18  Defendants for these fees and costs, and to deter Plaintiff's counsel from repeating this conduct.

19        **B.     The Claims In The Amended Complaint Are Frivolous And Unwarranted.**

20              **1.     Plaintiff's UCL Claim Is Frivolous And Unwarranted.**

21        The claims in the Amended Complaint against the Investor Defendants are foreclosed by

22  controlling law.  *See Truesdell v. S. Cal. Permanente Med. Grp.*, 209 F.R.D. 169, 177, 180 (C.D.

23  Cal. 2002) (awarding sanctions where "Plaintiff's counsel presented absolutely no authority

24  undermining [a] clear line of decisions" barring his claims).

25        Standing under the UCL Section 17200 requires a showing of injury-in-fact and causation.

26  *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 320-21 (2011).  Plaintiff cannot demonstrate

27  either.  Plaintiff cannot establish the Investor Defendants caused any injury-in-fact because, *by*

28  *Plaintiff's own admission*, the failure of FaceCash was the result of Plaintiff's difficulties with

California regulatory authorities—not the result of any conduct on the part of the Investor Defendants. *See Troyk v. Farmers Grp., Inc.*, 171 Cal. App. 4th 1305, 1349 (2009). Moreover, Plaintiff cannot establish causation because, according to its own timeline in the Amended Complaint, Plaintiff ceased operating FaceCash before the Operator Defendants even began operating in an allegedly unlawful manner. *See* Amended Complaint ¶¶48, 81. As a matter of both law and logic, there is no scenario under which the Investor Defendants caused any injury to Plaintiff by investing in the Operator Defendants *after* FaceCash chose to cease operations.

Plaintiff cannot mask this deficiency by alleging the Investor Defendants are responsible for the conduct of the Operator Defendants. There is no secondary liability under Section 17200. *See Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, 494 F.3d 788, 808-09 (9th Cir. 2007). Indeed, courts in this District have rejected almost the exact claim made here. *See Clerkin v. MyLife.com, Inc.*, No. 11-cv-00527, 2011 WL 3607496, at *5 (N.D. Cal. Aug. 16, 2011) (finding allegations that investors "furnished the means" for the allegedly wrongful conduct insufficient to state a claim under the UCL).

Plaintiff may be attempting to impose liability on the Investor Defendants without alleging facts supporting a basis to pierce the corporate veil. The Amended Complaint asserts, with no supporting factual allegations whatsoever, that the Investor Defendants exercised "unbridled control" over the Operator Defendants. Amended Complaint ¶95. This naked allegation is insufficient to allege alter ego liability. *See Doe v. Unocal Corp.*, 248 F.3d 915, 927 (9th Cir. 2001) (finding no alter ego liability despite allegations of parent's (1) involvement in its subsidiaries' acquisitions, divestments, and capital expenditures; (2) formulation of general business strategies applicable to its subsidiaries; (3) provision of loans to subsidiaries; (4) maintenance of overlapping directors and officers; and (5) alleged undercapitalization of subsidiaries).

Plaintiff also does not state a claim under any of the three prongs of the UCL. First, Plaintiff has failed to plead any of the Investor Defendants engaged in unlawful conduct. The Money Transmission Act, which Plaintiff claims all defendants violated, by its terms applies to licensees and not investors. Cal. Fin. Code §2030 ("[a] person shall not engage in the business of money transmission in this state [*i.e.*, California], or advertise, solicit, or hold itself out as providing money

transmission in this state, unless the person is licensed or exempt from licensure . . ."). Second, Plaintiff's assertion that the Investor Defendants violated anti-terrorism laws is simply absurd. *See* Defendants' Motion To Dismiss at 16. Third, Plaintiff has failed to plead the existence of any unfair conduct. The only "unfairness" of which Plaintiff complains is the decision of the Investor Defendants not to invest in FaceCash. *See* Hausman Decl., Ex. A ¶64. Such allegations are deficient as a matter of law because they show no injury to competition. *See Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 186-87 (Cal. 1999) ("Injury to a competitor is not equivalent to injury to competition; only the latter is the proper focus of antitrust laws"). Finally, Plaintiff has no claim of fraudulent conduct because it has not pled a single fact showing it relied on any misleading statements. *See In re Tobacco II Cases*, 46 Cal. 4th 298, 328 (2009) ("Accordingly, we conclude that a plaintiff must plead and prove actual reliance to satisfy the standing requirement of section 17204 . . . ").

### 2. The Unjust Enrichment Claim Is Frivolous And Unwarranted Because Unjust Enrichment Is Not A Cause Of Action Under California Law.

Plaintiff's claim for unjust enrichment also is frivolous because California law does recognize such a claim, nor in any event, has Plaintiff pled any facts entitling it to equitable relief. *See McBride v. Boughton*, 123 Cal. App. 4th 379, 387 (2004) ("[u]njust enrichment is not a cause of action . . . or even a remedy, but rather a general principle underlying various legal doctrines and remedies") (citation and internal quotation marks omitted); *Lauriedale Assocs., Ltd. v. Wilson*, 7 Cal. App. 4th 1439, 1448 (1992) ("[t]he phrase '[u]njust [e]nrichment' does not describe a theory of recovery, but an effect: the result of a failure to make restitution under circumstances where it is equitable to do so").

### C. Counsel For Plaintiff Failed To Perform A Reasonable Inquiry Prior To Filing The Amended Complaint.

Plaintiff's counsel failed to perform a "reasonable and competent inquiry before signing and filing" the Amended Complaint. *Holgate*, 425 F.3d at 676 (citation and internal quotation marks omitted). Despite having been put on notice of the legal infirmities of the original complaint in letters and telephone calls from counsel for the Investor Defendants, Plaintiff's counsel nevertheless

1    chose to file the Amended Complaint, and in fact compounded that misconduct by dragging even

2    more parties into this frivolous action.  Had Plaintiff's counsel conducted "[e]ven the most cursory

3    legal inquiry" (*id.* at 677), he would have recognized that Plaintiff lacked standing to pursue a UCL

4    claim, that the unjust enrichment claim was not a viable claim, and that these two state law claims

5    did not provide a basis for federal jurisdiction.  *See also Estate of Blue v. Cnty. of Los Angeles*, 120

6    F.3d 982, 985 (9th Cir. 1997) (upholding award of Rule 11 sanctions where "a reasonable

7    investigation would have revealed" the claims were barred as a matter of law); *Smith & Green*

8    *Corp. v. Trs. of Constr. Indus. & Laborers Health & Welfare Trust*, 244 F. Supp. 2d 1098, 1108 (D.

9    Nev. 2003) (reasonable legal investigation would have revealed claim preempted by ERISA).[4]

10        This most basic research would have informed Plaintiff's counsel that there is no federal

11   jurisdiction against the Investor Defendants and that the two claims against them have no merit.

12   The Investor Defendants have been forced to incur attorneys' fees and costs in filing a motion to

13   dismiss the Amended Complaint and this motion because of Plaintiff's counsel's refusal to

14   withdraw or correct the Amended Complaint.  Plaintiff's counsel's conduct warrants the imposition

15   of sanctions against him.

16                          **CONCLUSION AND REQUESTED REMEDY**

17        The "unfounded claims [in this case] have forced a party to come into court when that party

18   never should have been involved at all."  *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358,

19   1367 (9th Cir 1990) (Canby, Pregerson, JJ., concurring).  Here, the conduct of Plaintiff's counsel

20   has caused the Investor Defendants to be burdened with fees and costs in defending against the

21   claims in the Complaint and Amended Complaint.  The Investor Defendants accordingly request

22   that the Court impose sanctions against Plaintiff's counsel, including the reasonable attorneys' fees

23

24   _____

     [4] The lack of a reasonable inquiry provides evidence that this action is motivated by Plaintiff's
25   animus towards certain Investor Defendants because they chose not to invest in FaceCash.  *See*
     *First Horizon Home Loans v. Doost*, No. CV09-1906 PHX DGC, 2009 WL 3756523, at *4 (D.
26   Ariz. Nov. 9, 2009) (awarding Rule 11 sanctions and noting that "[w]hile precise motive [for
     bringing a case] is difficult to prove," the lack of a reasonable basis for a case evidences it was
27   brought for an improper purpose).  Indeed, Plaintiff lashed out at some of the VC Defendant funds
     named as defendants  in the original Complaint for deciding to invest in FaceCash's alleged
28   competitors.  *See* Compl. ¶¶83-84.

INVESTOR DEFENDANTS' MOTION FOR RULE 11 SANCTIONS

and costs incurred in preparing the Investor Defendants' motion to dismiss and this motion. Those fees and costs are calculated at $58,458.44 for the Investor Defendants represented by Arnold & Porter LLP   (Hausman Decl. ¶¶12-14), $60,000 for the Investor Defendants represented by Goodwin Procter LLP (Declaration of Gus P. Coldabella In Support Of Investor Defendants' Motion For Sanctions Under Federal Rules Of Procedure 11(b)(2) and 11(c)(2) ¶6), $19,445 for the Investor Defendants represented by Paul Hastings LLP (Declaration of Sam C. Zun In Support Of Investor Defendants' Motion For Sanctions Under Federal Rules Of Procedure 11(b)(2) and 11(c)(2) ¶7), and $180,000 for the Investor Defendants represented by Ropes & Gray LLP (Declaration of Christopher G. Green In Support Of Investor Defendants' Motion For Sanctions Under Federal Rules Of Procedure 11(b)(2) and 11(c)(2) ¶7).

1    Respectfully,

2    Dated:  September 5, 2013.           ARNOLD & PORTER LLP

3
                                         By:  _____/s/ Kenneth G. Hausman_____
4                                                     KENNETH G. HAUSMAN

5                                        Attorneys for Defendants ANDREESSEN
                                         HOROWITZ LLC; ANDREESSEN HOROWITZ
6                                        FUND I, LP; ANDREESSEN HOROWITZ FUND
                                         I-A, LP; ANDREESSEN HOROWITZ FUND I-B, LP;
7                                        ANDREESSEN HOROWITZ FUND II, LP;
                                         ANDREESSEN HOROWITZ FUND II-A, LP;
8                                        ANDREESSEN HOROWITZ FUND II-B, LP;
                                         ANDREESSEN HOROWITZ FUND III, LP;
9                                        ANDREESSEN HOROWITZ FUND III (AIV), LP;
                                         ANDREESSEN HOROWITZ FUND III-A, LP;
10                                       ANDREESSEN HOROWITZ FUND III-B, LP;
                                         ANDREESSEN HOROWITZ FUND III-Q, LP;
11                                       Y COMBINATOR, LLC; Y COMBINATOR FUND I,
                                         LP; Y COMBINATOR FUND I GP, LLC;
12                                       Y COMBINATOR FUND II, LP; Y COMBINATOR
                                         FUND II GP, LLC; Y COMBINATOR RE, LLC;
13                                       Y COMBINATOR S2012, LLC; Y COMBINATOR
                                         W2013, LLC
14

15   Dated:     September 5, 2013.        ROPES & GRAY LLP

16
                                         By:  _____/s/ Rocky C. Tsai_____
17                                                    ROCKY C. TSAI

18                                       Attorneys for Investor Defendants KLEINER
                                         PERKINS CAUFIELD & BYERS, LCC; KLEINER
19                                       PERKINS CAUFIELD & BYERS XIII, LCC;
                                         KLEINER PERKINS CAUFIELD & BYERS XII
20                                       FOUNDERS FUND, LCC; KLEINER PERKINS
                                         CAUFIELD & BYERS XIV, LCC; KLEINER
21                                       PERKINS CAUFIELD & BYERS XV, LCC;
                                         SEQUOIA CAPITAL, LLC; SEQUOIA CAPITAL
22                                       NEW PROJECTS, LLC; SEQUOIA CAPITAL XII,
                                         LP; SC XII MANAGEMENT, LLC; SEQUOIA
23                                       CAPITAL XII PRINCIPALS FUND, LLC; SEQUOIA
                                         CAPITAL SCOUT FUND I, LLC; SEQUOIA
24                                       CAPITAL SCOUT FUND II, LLC; SEQUOIA
                                         CAPITAL SCOUT FUND III, LLC; SEQUOIA
25                                       CAPITAL U.S. SCOUT SEED FUND 2013, LP; and
                                         SEQUOIA TECHNOLOGY PARTNERS XII, LP
26

27

28

INVESTOR DEFENDANTS' MOTION FOR RULE 11 SANCTIONS

1   Dated:   September 5, 2013.            GOODWIN PROCTER LLP

2
                                          By:   _____/s/ Gus P. Coldabella_____
3                                                   GUS P. COLDABELLA

4                                         Gus P. Coldebella (admitted pro hac vice)
                                          W. Kyle Tayman (admitted pro hac vice)
5                                         901 New York Avenue, NW
                                          Washington, DC 20001
6                                         Telephone: (202) 346-4034
                                          Facsimile: (202) 346-4444
7                                         GColdebella@goodwinprocter.com
                                          KTayman@goodwinprocter.com
8
                                          Juan Suarez (CA Bar No. 268859)
9                                         601 South Figueroa Street
                                          41st Floor
10                                        Los Angeles, CA 90017
                                          Phone: 213.426.2500
11                                        Fax: 213.623.1673
                                          JSuarez@goodwinprocter.com
12
                                          Attorneys for DIGITAL SKY TECHNOLOGIES,
13                                        LIMITED, DSTG-2 2011 ADVISORS, LLC, DSTG-2
                                          2011 INVESTORS DLP, LLC, DSTG-2 2011
14                                        INVESTORS ONSHORE, LP AND YURI MILNER

15  Dated:   September 5, 2013.            PAUL HASTINGS LLP

16
                                          By:   _____/s/ Thomas P. Brown_____
17                                                  THOMAS P. BROWN

18                                        Attorneys for Investor Defendants BRIAN CHESKY;
                                          MAX LEVCHIN; YISHAN WONG; A-GRADE
19                                        INVESTMENTS, LLC; A-GRADE INVESTMENTS
                                          II, LLC; UNION SQUARE VENTURES, LLC;
20                                        UNION SQUARE VENTURES OPPORTUNITY
                                          FUND, LP; UNION SQUARE VENTURES 2012
21                                        FUND

22

23

24

25

26

27

28

INVESTOR DEFENDANTS' MOTION FOR RULE 11 SANCTIONS

1

**ATTESTATION UNDER LOCAL RULE 5-1(i)(3)**

2

I, Kenneth G. Hausman, am the ECF User whose ID and password are being used to file

3

this Investor Defendants' Notice Of Motion And Motion For Sanctions Under Federal Rules Of

4

Civil Procedure 11(b)(2) And 11(c)(2) And Memorandum Of Points And Authorities In Support

5

Thereof.  In compliance with Local Rule 5-1(i)(3), I hereby attest that Rocky C. Tsai, Thomas P.

6

Brown and Gus P. Coldabella have concurred in this filing.

7

8

_/s/ Kenneth G. Hausman_

KENNETH G. HAUSMAN

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

INVESTOR DEFENDANTS' MOTION FOR RULE 11 SANCTIONS