| | |
|---|---|
| 1 | ARNOLD & PORTER LLP<br>KENNETH G. HAUSMAN (No. 57252) |
| 2 | kenneth.hausman@aporter.com<br>JOHN T. YOW (No. 270732) |
| 3 | john.yow@aporter.com<br>Three Embarcadero Center, 10th Floor |
| 4 | San Francisco, CA 94111-4024<br>Telephone: +1 415.471.3100 |
| 5 | Facsimile: +1 415.471.3400 |
| 6 | Attorneys for Defendants<br>ANDREESSEN HOROWITZ FUND I, LP; ANDREESSEN |
| 7 | HOROWITZ FUND I-A, LP; ANDREESSEN HOROWITZ<br>FUND I-B, LP; ANDREESSEN HOROWITZ FUND II, LP; |
| 8 | ANDREESSEN HOROWITZ FUND II-A, LP;<br>ANDREESSEN HOROWITZ FUND II-B, LP; |
| 9 | ANDREESSEN HOROWITZ FUND III, LP; ANDREESSEN<br>HOROWITZ FUND III (AIV), LP; ANDREESSEN |
| 10 | HOROWITZ FUND III-A, LP; ANDREESSEN HOROWITZ<br>FUND III-B, LP; ANDREESSEN HOROWITZ FUND III-Q, |
| 11 | LP; Y COMBINATOR, LLC; Y COMBINATOR FUND I,<br>LP; Y COMBINATOR FUND I GP, LLC; Y COMBINATOR |
| 12 | FUND II, LP; Y COMBINATOR FUND II GP, LLC;<br>Y COMBINATOR RE, LLC; Y COMBINATOR S2012, LLC; |
| 13 | Y COMBINATOR W2013, LLC |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| 18 | THINK COMPUTER CORPORATION, a Delaware corporation, | Case No.: 5:13-cv-2054-EJD |
| 19 | | Action Filed: May 6, 2013 |
| 20 | Plaintiff, | **DECLARATION OF KENNETH G. HAUSMAN IN SUPPORT OF INVESTOR DEFENDANTS' MOTION FOR SANCTIONS UNDER FEDERAL RULES OF CIVIL PROCEDURE 11(b)(2) AND 11(c)(2)** |
| 21 | v. | |
| 22 | DWOLLA, INC.; ACTBLUE, LLC; AIRBNB, INC.; POUND PAYMENTS ESCROW SERVICES, INC. DBA BALANCED PAYMENTS; CLINKLE CORPORATION; COINBASE, INC.; COINLAB, INC.; FACEBOOK, INC.; FACEBOOK PAYMENTS, INC.; GOPAGO, INC.; GUMROAD, INC.; SQUARE, INC.; STRIPE, INC.; THE BOARD OF TRUSTEES OF THE LELAND STANFORD JUNIOR UNIVERSITY; A-GRADE INVESTMENTS, LLC; A-GRADE INVESTMENTS II, LLC; ANDREESSEN HOROWITZ LLC; ANDREESSEN HOROWITZ FUND I, LP; ANDREESSEN HOROWITZ FUND I-A, LP; ANDREESSEN HOROWITZ FUND I-B, LP; ANDREESSEN HOROWITZ FUND II, LP; | |
| 23 | | Date: January 10, 2014<br>Time: 9 a.m.<br>Dept: Courtroom 4, 5th Floor |
| 24 | | |
| 25 | | Trial Date: None set |
| 26 | | Honorable Edward J. Davila |
| 27 | | |
| 28 | | |

| | |
|---|---|
| 1 | ANDREESSEN HOROWITZ FUND II-A, LP; ANDREESSEN HOROWITZ FUND II-B, LP; |
| 2 | ANDREESSEN HOROWITZ FUND III, LP; ANDREESSEN HOROWITZ FUND III (AIV), LP; |
| 3 | ANDREESSEN HOROWITZ FUND III-A, LP; ANDREESSEN HOROWITZ FUND III-B, LP; |
| 4 | ANDREESSEN HOROWITZ FUND III-Q, LP; DIGITAL SKY TECHNOLOGIES, LIMITED; DST |
| 5 | GLOBAL, LIMITED; DSTG-2 2011 ADVISORS, LLC; DSTG-2 2011 INVESTORS DLP, LLC; |
| 6 | DSTG-2 2011 INVESTORS ONSHORE, LP; KLEINER PERKINS CAUFIELD & BYERS, LLC; |
| 7 | KLEINER PERKINS CAUFIELD & BYERS XIII, LLC; KLEINER PERKINS CAUFIELD & BYERS |
| 8 | XIII FOUNDERS FUND, LLC; KLEINER PERKINS CAUFIELD & BYERS XIV, LLC; |
| 9 | KLEINER PERKINS CAUFIELD & BYERS XV, LLC; SEQUOIA CAPITAL, LLC; SEQUOIA |
| 10 | CAPITAL NEW PROJECTS, LLC; SEQUOIA CAPITAL XII, LP; SC XII MANAGEMENT, LLC; |
| 11 | SEQUOIA CAPITAL XII PRINCIPALS FUND, LLC; SEQUOIA CAPITAL SCOUT FUND I, LLC; |
| 12 | SEQUOIA CAPITAL SCOUT FUND II, LLC; SEQUOIA CAPITAL U.S. SCOUT FUND III, LLC; |
| 13 | SEQUOIA CAPITAL U.S. SCOUT SEED FUND 2013, LP; SEQUOIA TECHNOLOGY PARTNERS |
| 14 | XII, LP; UNION SQUARE VENTURES LLC; UNION SQUARE VENTURES OPPORTUNITY |
| 15 | FUND, LP; UNION SQUARE VENTURES 2012 FUND, LP; Y COMBINATOR, LLC; |
| 16 | Y COMBINATOR FUND I, LP; Y COMBINATOR FUND I GP, LLC; Y COMBINATOR FUND II, LP; |
| 17 | Y COMBINATOR FUND II GP, LLC; Y COMBINATOR RE, LLC; Y COMBINATOR |
| 18 | S2012, LLC; Y COMBINATOR W2013, LLC; BRIAN CHESKY; MAX LEVCHIN; YURI |
| 19 | MILNER; YISHAN WONG, |
| 20 | Defendants. |

HAUSMAN DECL. ISO RULE 11 SANCTIONS

I, Kenneth G. Hausman, declare as follows:

1. I am a member of the State Bar of California and admitted to practice law in the State of California and before this Court. I am a partner with the law firm of Arnold & Porter LLP, counsel for Andreessen Horowitz Fund I, LP; Andreessen Horowitz Fund I-A, LP; Andreessen Horowitz Fund I-B, LP; Andreessen Horowitz Fund II, LP; Andreessen Horowitz Fund II-A, LP; Andreessen Horowitz Fund II-B, LP; Andreessen Horowitz Fund III, LP; Andreessen Horowitz Fund III (AIV), LP; Andreessen Horowitz Fund III-A, LP; Andreessen Horowitz Fund III-B, LP; and Andreessen Horowitz Fund III-Q, LP (collectively, the "Andreessen Horowitz Entities") in this matter. I also represent Y Combinator, LLC; Y Combinator Fund I, LP; Y Combinator Fund I GP, LLC; Y Combinator Fund II, LP; Y Combinator Fund II GP, LLC; Y Combinator RE, LLC; Y Combinator S2012, LLC; and Y Combinator W2013, LLC (collectively, the "Y Combinator Entities") in this matter. Except as otherwise stated, the facts set forth in this declaration are based on my personal knowledge and, if called upon to do so, I could and would testify competently to the truth of the matters stated.

2. Attached hereto as **Exhibit A** is a true and correct copy of the First Amended Complaint filed in *Think Computer Corp. v. Venchiarutti,* No. CV 11-05496-HRL, Docket No. 23, filed on January 31, 2012 in the Northern District of California.

3. Attached hereto as **Exhibit B** is a true and correct copy of "My Semi-Secret Federal Lawsuit, " March 18, 2012 as retrieved from http://www.aarongreenspan.com/writing/essay.html?id=76 on August 6, 2013.

4. I reviewed the complaint ("Complaint") filed by Think Computer Corporation ("Plaintiff") after I was retained to represent the Andreessen Horowitz and Y Combinator Entities. Based upon this review, it was apparent that the Complaint did not allege federal jurisdiction. It also was apparent that the claims against my clients were foreclosed by existing law.

5. In the weeks following the filing of the Complaint, I spoke with counsel representing other defendants in this action. Based upon these discussions, I understood that Plaintiff's counsel intended to file an amended complaint.

6. On or about June 11, 2013, I wrote a letter to Plaintiff's counsel pointing out the legal deficiencies in the Complaint, including the lack of federal jurisdiction, and urging him to dismiss my clients from the case and not name them in an amended complaint. A true and correct copy of that letter is attached hereto as **Exhibit C**.

7. I received a copy of a similar letter from the attorneys representing Sequoia Capital, LLC and Kleiner Perkins Caufield & Byers, LLC (and related entities for each) sent to Plaintiff's counsel dated June 13, 2013. A true and correct copy of that letter is attached hereto as **Exhibit D**. I also received a letter from the attorneys representing the A-Grade Entities and certain Individual Investor Defendants dated June 14, 2013. A true and correct copy of that letter is attached hereto as **Exhibit E**.

8. Plaintiff's counsel filed an amended complaint ("Amended Complaint") on or about June 21, 2013. On August 8, 2013, the Investor Defendants filed a motion to dismiss the Amended Complaint under Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure.

9. On August 8, 2013, I caused to be served by mail on Plaintiff's counsel the Investor Defendants' Motion For Sanctions and a draft of this declaration. A copy of the proof of service of the Motion for Sanctions and supporting declaration is attached hereto as **Exhibit F**. The Investor Defendants' Motion for Sanctions is being filed more than 21 days (plus three days for mailing) after I served the motion on Plaintiffs' counsel.

10. Along with a copy of this motion, I sent Plaintiff's counsel a letter informing him that, if he did not withdraw the Amended Complaint within 21 days (plus three days for mailing), the Investor Defendants would file the motion. A copy of my letter to Plaintiff's counsel is attached hereto as **Exhibit G**.

11. The time incurred in defending against Plaintiff's Complaint and Amended Complaint has involved, among other things, reviewing and analyzing the factual allegations and claims for relief; conducting legal research on the claims; working with counsel for the other defendants on a motion to dismiss the Amended Complaint; working on this motion; and negotiating, reviewing and revising a stipulation setting forth the briefing schedule on the Amended Complaint. John Yow, an associate at my firm, assisted me in performing these tasks.

12. My billing rate for this case is $955 per hour. John Yow's billing rate is $515 per hour. These are the usual billing rates that Arnold & Porter charges clients for my work and that of my associate and it is the rate my clients the Andreessen Horowitz and Y Combinator Entities have agreed to pay.

13. Based upon my review of the billing records in this case, I know that I have I spent in excess of 28.9 hours defending my clients in this case. My associate has spent 58.1 hours assisting me in the performance of these tasks.

14. Thus, as a direct result of Plaintiff bringing this action, the Andreessen Horowitz and Y Combinator entities have incurred more than $27,599.50 in attorneys' fees for my time and $29,921.50 for my associate's time. In addition, my clients have incurred $681.69 in expenses for Westlaw research, and $255.75 in other costs. The total amount of these fees and costs is $58,458.44.

I declare under penalty of perjury that the foregoing is true and correct. Executed at San Francisco, California.

Dated: September 5, 2013 /s/ *Kenneth G. Hausman*

KENNETH G. HAUSMAN