MICHAEL J. ASCHENBRENER (SBN 27711)
mja@aschenbrenerlaw.com
ASCHENBRENER LAW, P.C.
795 Folsom Street, First Floor
San Francisco, CA 94107
Telephone: (415) 813-6245
Fax: (415) 813-6246

*ATTORNEYS FOR PLAINTIFF*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| THINK COMPUTER CORPORATION, a Delaware Corporation,<br><br>                Plaintiff,<br><br>   v.<br><br>DWOLLA, INC. *et al.*,<br><br>                Defendants. | Case No. 5:13-cv-2054-EJD<br><br>**PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE**<br><br>Judge Edward J. Davila |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Plaintiff respectfully requests that the Court take judicial notice of the documents listed herein, true and correct copies of which are attached hereto.

## LEGAL STANDARD

Federal Rule of Evidence 201 "governs judicial notice of an adjudicative fact." Fed. R. Evid. 201(a). A court may take judicial notice of a fact "that is not subject to reasonable dispute because it … can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Id.* at 201(b). Under Federal Rule of Evidence 201, a court "may take judicial notice of 'matters of public record'" under certain circumstances. *Lee v. City of Los Angeles*, 250 F.3d 668 (9th Cir. 2000) (quoting *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986)) (*overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125–26 (9th Cir. 2002)). A court may "consider evidence on which the complaint necessarily relies if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity" of the document. *See Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (internal quotation marks omitted); *accord Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006); *see also Kosta v. Del Monte Corp.*, No. 12-cv-01722-YGR, at *7 (N.D. Cal. May 15, 2013) (a court may consider documents referenced in the complaint, "central" to the claims, and the authenticity of which is unchallenged).

## REQUEST FOR JUDICIAL NOTICE

Plaintiff Think Computer Corporation hereby requests that the Court take judicial notice of the following documents, true and correct copies of which are attached hereto as the following exhibits. All of the documents are self-authenticating under Federal Rule of Evidence 902 and involve events that transpired after the filing of Plaintiff's First Amended Complaint on June 21, 2013. These documents are central to Plaintiff's claims that Defendants have operated unlicensed money transmission businesses. Had these documents been available at the time that the First Amended Complaint was filed, the First Amended Complaint would have necessarily relied on

and referred to these documents in further support of Plaintiff's allegations against the Defendants.

**Exhibit A:** July 2013 California Department of Business Oversight Monthly Bulletin Volume 1, Number 1.

Exhibit A states on page 7 that on June 25, 2013, Defendant GoPago, Inc. withdrew its application for licensure under the California Money Transmission Act. Exhibit A is properly subject to judicial notice because it is central to Plaintiff's claims. *See Daniels-Hall*, 629 F.3d at 998. Exhibit A is self-authenticating as an official publication of a public authority, the California Department of Business Oversight. Fed. R. of Evid. 902(5).

**Exhibit B:** September 2013 California Department of Business Oversight Monthly Bulletin Volume 1, Number 3.

Exhibit B states on page 5 that on August 27, 2013, a corporation called Payments Sub, Inc. applied for a license under the California Money Transmission Act. Exhibit B is properly subject to judicial notice because it is central to Plaintiff's claims. *See Daniels-Hall*, 629 F.3d at 998. Exhibit B is self-authenticating as an official publication of a public authority, the California Department of Business Oversight. Fed. R. of Evid. 902(5).

**Exhibit C:** California Secretary of State Certified Report on Payments Sub, Inc.

Exhibit C states that Payments Sub, Inc. is located at 888 Brannan Street, San Francisco, CA 94103 with agent for service of process Andrew Swain. It is properly the subject of judicial notice because it is central to Plaintiff's claims. *See Daniels-Hall*, 629 F.3d at 998. Exhibit C is self-authenticating as a certified copy of a public record. Fed. R. of Evid. 902(4).

**Exhibit D:** October 9, 2013 Verified Petition in *Airbnb, Inc. v. Eric T. Schneiderman, Attorney General of the State of New York*.

Exhibit D states on page 1 that "Airbnb is a Delaware corporation with principal place of business at 888 Brannan Street, 4th Floor, San Francisco, CA 94103." It is properly the subject of judicial notice because it is central to Plaintiff's claims, *see Daniels-Hall*, 629 F.3d at 998, and it is a matter of public record as a filing by a party to this case, Defendant Airbnb, Inc., in

another legal proceeding. *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986).

**Exhibit E:** The Wall Street Journal All Things D article entitled *Airbnb Hires CFO and HR Head in Effort to Grow Senior Team* by Kara Swisher.

Exhibit E states "Airbnb has hired Intuit finance exec Andrew Swain as CFO." It is properly the subject of judicial notice because it is central to Plaintiff's claims. *See Daniels-Hall*, 629 F.3d at 998. Exhibit E is self-authenticating as printed material purporting to be a newspaper or periodical. Fed. R. of Evid. 902(6).

**Exhibit F:** July 24, 2013 Final Order, Stipulation and Consent Agreement Between Defendant Square, Inc. and the State of Florida Office of Financial Regulation.

Exhibit F is properly the subject of judicial notice because it is central to Plaintiff's claims, *see Daniels-Hall*, 629 F.3d at 998, and it is a matter of public record as a filing by a party to this case, Defendant Square, Inc., in another legal proceeding, *MGIC Indem. Corp.*, 803 F.2d at 504.

**Exhibit G:** August 12, 2013 Memorandum From Benjamin M. Lawsky, Superintendent, New York State Department of Financial Services.

Exhibit G is properly the subject of judicial notice because it is central to Plaintiff's claims. *See Daniels-Hall*, 629 F.3d at 998. Exhibit G is self-authenticating as an official publication of a public authority, the New York State Department of Financial Services. Fed. R. of Evid. 902(5).

**Exhibit H:** August 12, 2013 Forbes article entitled *Every Important Person In Bitcoin Just Got Subpoenaed By New York's Financial Regulator* by Kashmir Hill.

Exhibit H is properly the subject of judicial notice because it is central to Plaintiff's claims that Defendants Coinbase, Coinlab, Dwolla, The AH Funds and The Union Square Funds are knowingly operating or funding illegal unlicensed money transmitters. *See Daniels-Hall*, 629 F.3d at 998. Exhibit H is self-authenticating as printed material purporting to be a newspaper or periodical. Fed. R. of Evid. 902(6).

**Exhibit I:** August 12, 2013 letter to Secretary of Homeland Security Janet Napolitano

1  from United States Senators Thomas R. Carper and Tom A. Coburn.

2  Exhibit I is properly the subject of judicial notice because it is central to Plaintiff's
3  claims. *See Daniels-Hall*, 629 F.3d at 998. Exhibit I is self-authenticating as a domestic public
4  document that is signed by members of the United States Senate, a political subdivision of the
5  United States. Fed. R. of Evid. 902(2).

6  **Exhibit J:** September 10, 2013 Answer and Counterclaim in *Coinlab, Inc. v. Mt. Gox*
7  *KK, et al.*, No. 2:13-cv-00777-MJP, Dkt. No. 18 (W.D. Wash. May 2, 2013).

8  Exhibit J contains allegations in another ongoing civil case in another district that
9  Defendant Coinlab, Inc. has been operating as an unlicensed money transmitter. Specifically, on
10 page 20, Exhibit J states:

> CoinLab agreed and promised it would be compliant with all laws applicable to the Bitcoin exchange services that it was to provide under the Agreement yet CoinLab was not, and is not, compliant with the money transmitter and/or money services business laws of most, if not all, of the states in which it would be performing such services.

14 Exhibit J is properly the subject of judicial notice because it is central to Plaintiff's claims, *see*
15 *Daniels-Hall*, 629 F.3d at 998, and it is a matter of public record in another legal proceeding
16 involving a party to this case, Defendant Coinlab, Inc., *MGIC Indem. Corp.*, 803 F.2d at 504.

17 **CONCLUSION**

18 For the foregoing reasons, Plaintiff respectfully requests that this Court grant Plaintiff's
19 request for judicial notice and take judicial notice of Exhibits A through J attached hereto.

Respectfully submitted,

Dated: October 30, 2013

By: s/ Michael Aschenbrener
Michael Aschenbrener
ASCHENBRENER LAW, P.C.
One of the Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

The undersigned certifies that, on October 30, 2013, he caused this document to be electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of filing to counsel of record for each party.

Dated: October 30, 2013                                   ASCHENBRENER LAW, P.C.

                                                          By: s/ Michael Aschenbrener
                                                              Michael Aschenbrener