MICHAEL J. ASCHENBRENER (SBN 27711)
mja@aschenbrenerlaw.com
ASCHENBRENER LAW, P.C.
795 Folsom Street, First Floor
San Francisco, CA 94107
Telephone: (415) 813-6245
Fax: (415) 813-6246

*ATTORNEYS FOR PLAINTIFF*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| THINK COMPUTER CORPORATION, a Delaware Corporation, <br><br> Plaintiff, <br><br> v. <br><br> DWOLLA, INC. *et al.*, <br><br> Defendants. | Case No. 5:13-cv-2054-EJD <br><br> **PLAINTIFF'S MOTION FOR CLARIFICATION OF DEFENDANT AIRBNB, INC.'S CERTIFICATION OF INTERESTED ENTITIES OR PERSONS PURSUANT TO LOCAL CIVIL RULE 3-16** <br><br> Judge Edward J. Davila <br><br> No Oral Argument Requested |

1  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2  PLEASE TAKE NOTICE that Plaintiff hereby moves this Court to clarify, pursuant to Local
3  Civil Rule 3-16, the Certification of Interested Entities or Persons filed by Defendant Airbnb, Inc.
4  ("Airbnb"). No oral argument is requested. A proposed order granting the motion is filed herewith.

5  **MOTION TO CLARIFY**

6  Plaintiff hereby moves to clarify whether Defendant Airbnb should have disclosed that
7  Payments Sub, Inc., a Delaware Corporation, is an interested entity in the instant litigation.

8  Under the local rules, all parties are required to file a "Certification of Interested Entities or
9  Persons," disclosing any

10  > persons, associations of persons, firms, partnerships, corporations (including parent corporations), or other entities other than the parties themselves known by the party to
11  > have either: (i) a financial interest (of any kind) in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be
12  > substantially affected by the outcome of the proceeding.

13  N.D. Cal. Loc. Civ. R. 3-16(b) (Oct. 1, 2013). A party must file its Certification of Interested Entities
14  with the Clerk at the time it makes its first appearance. *Id.* Airbnb filed its Certification of Interested
15  Entities or Persons on August 9, 2013, in which it certified that had no interest in Payments Sub, Inc.
16  to disclose. (Dkt. No. 106.)

17  Defendant Airbnb is a Delaware corporation with its principal place of business at 888
18  Brannan Street, 4th Floor, San Francisco, CA 94103. (*See* Verified Pet. of Airbnb in *Airbnb, Inc. v.*
19  *Schneiderman* ¶ 1, attached as Ex. D to Pl.'s Req. for Jud. Notice, filed concurrently herewith.)
20  Payments Sub, Inc., which is not a party to this case, is also a Delaware corporation with its principal
21  place of business at 888 Brannan Street, San Francisco, CA 94103. (Records of Cal. Sec. of St. on
22  Payments Sub, Inc., p. 1, attached as Ex. C to Pl.'s Req. for Jud. Notice, filed concurrently
23  herewith.) Payments Sub, Inc. was incorporated on July 1, 2013, approximately 10 days after
24  Plaintiff filed the First Amended Complaint. (*Id.* at p. 2.) Airbnb and Payments Sub, Inc. share more
25  than just states of organization and principal places of business, though. Airbnb and Payments Sub,
26  Inc. also share at least one senior executive. The CEO of Payments Sub, Inc. is listed as Andrew
27  Swain, (*id.*), who is also the CFO of Airbnb, (*see* Kara Swisher, *Airbnb Hires CFO and HR Head in*

28

*Effort to Grow Senior Team*, Wall Street Journal All Things D (July 10, 2012), attached as Ex. E to Pl.'s Req. for Jud. Notice, filed concurrently herewith).

Notably, Payments Sub, Inc. filed an application for a license under the California Money Transmission Act (the "MTA"), approximately three weeks after Airbnb joined in the Motion to Dismiss currently pending before the Court. (*See* 1 Cal. Dept. of Bus. Oversight Monthly Bulletin 3 p. 5 (Sept. 2013), attached as Ex. B to Pl.'s Req. for Jud. Notice, filed concurrently herewith.)

Based on the foregoing information, it appears likely that Payments Sub, Inc. is a subsidiary or some sort of related entity of Defendant Airbnb. Additionally, it appears that Payments Sub, Inc. exists to obtain the very licensing that Airbnb lacks and that forms the subject matter of the instant litigation. Accordingly, if Airbnb owns all or part of Payments Sub, Inc., or if Airbnb intends to acquire rights to Payment Sub, Inc.'s prospective license at any point in the future, then Payments Sub, Inc. would very likely have a financial interest in this case and/or an "interest that could be substantially affected by the outcome of the proceeding," thus requiring disclosure by Airbnb or Payments Sub, Inc. under Local Civil Rule 3-16(b).

## CONCLUSION

Plaintiff respectfully requests that the Court clarify whether there exists a relationship between Airbnb or any other Defendant and Payments Sub, Inc. and whether Airbnb or any other Defendant should have disclosed the relationship under Local Civil Rule 3-16(b).

Respectfully submitted,

Dated: October 30, 2013                By: s/ Michael Aschenbrener
                                       Michael Aschenbrener
                                       ASCHENBRENER LAW, P.C.
                                       One of the Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

The undersigned certifies that, on October 30, 2013, he caused this document to be electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of filing to counsel of record for each party.


Dated: October 30, 2013                                    ASCHENBRENER LAW, P.C.


                                                           By: s/ Michael Aschenbrener
                                                               Michael Aschenbrener