UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THINK COMPUTER CORPORATION, | Case No.: 5:13-CV-02054-EJD |
| Plaintiff, | **ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS** |
| v. | |
| DWOLLA, INC., ET AL. | **[Re: Docket Item Nos. 91, 99, 128, 132]** |
| Defendants. | |

Presently before the Court are three Motions to Dismiss Plaintiff's First Amended Complaint ("FAC") filed by Defendants. The first is a Motion to Dismiss Plaintiff's first and second claims filed by the majority of the Defendants. See Motion to Dismiss ("primary Motion to Dismiss"), Docket Item No. 91. The second is a Motion to Dismiss Plaintiff's third claim and joinder in the primary Motion to Dismiss brought by Coinbase, Inc. ("Coinbase"), Dwolla, Inc. ("Dwolla"), and Stripe, Inc. ("Stripe"). See Joinder and Motion to Dismiss ("MTD 2"), Docket Item No. 99. The third is a Motion to Dismiss and joinder in the primary Motion to Dismiss filed by ActBlue, LLC ("ActBlue"). See Motion to Dismiss Plaintiff's FAC and Joinder ("MTD 3"), Docket Item No. 128. Additionally, Defendants have filed a Motion for Sanctions against Plaintiff.

This case is presently before this Court based on federal question jurisdiction, 28 U.S.C. § 1331.

1

Case No. 5:13-CV-02054-EJD
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

## I. BACKGROUND

Plaintiff is a Palo Alto-based money service business ("MSB") and developer of a mobile payment system platform called FaceCash, which was launched in April 2010. Defendants fall into two groups: companies that Plaintiff claims are money transmitters ("MSB Defendants") and venture capital funds and individual investors ("Investor Defendants"). The MSB Defendants include Airbnb, Inc.; ActBlue, LLC; Balanced, Inc.; Clinkle Corp.; Coinbase, Inc.; CoinLab, Inc.; Dwolla, Inc.; Facebook, Inc.; Facebook Payments, Inc.; GoPago, Inc.; Gumroad, Inc.; Square, Inc.; Stripe, Inc.; and The Board of Trustees of the Leland Stanford Junior University. Investor Defendants include A-Grade Investments LLC (and an A-Grade fund); Andreessen Horowitz, LLC (and a number of Andreesseen Horowitz funds); Digital Sky Technologies, Limited (and a number of DST funds); Kleiner Perkins Caufield & Byers, LLC (and a number of KPCB funds); Sequoia Capital, LLC (and other Sequoia funds); Union Square Ventures, LLC (and Union Square funds); Y Combinator, LLC (and Y Combinator Funds); Brian Chesky; Max Levchin; Yuri Milner; and Yishan Wong.

Plaintiff contends that MSB Defendants are organizations that hold and transmit funds on behalf of third parties and, by virtue of their direct involvement in the payment industry, are direct competitors of Plaintiff. Plaintiff states that MSB Defendants operated without the requisite money transmitter licenses after July 1, 2011, in violation of the California Money Transmitter Act ("MTA"), Cal. Fin. Code §§ 2000 et seq. The MTA, which imposes certain licensing, capitalization, and insurance requirements on money transmitting businesses, became enforceable on July 1, 2011. Plaintiff contends that Investor Defendants invested their money in, supervised, directed, participated in the business activities of, and controlled the business operations of MSB Defendants with the intent of helping them to violate state and federal law.

Plaintiff did not acquire the necessary license required under the MTA and voluntarily pulled its FaceCash service from all its customers as of June 30, 2011, the day before the MTA went into effect. Although it continues to operate its FaceCash platform, Plaintiff has no paying customers for payment services.

1    Plaintiff filed a complaint on May 6, 2013. See Docket Item No. 1. Plaintiff's FAC, filed
2    on June 21, 2013, alleges the following causes of action: violation of the California Unfair
3    Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, against all Defendants, unjust
4    enrichment against all Defendants, and violation of the Lanham Act, 15 U.S.C. §§ 1051 et seq.,
5    against Defendants Dwolla, Stripe, and Coinbase. Dkt. No. 76. The primary Motion to Dismiss
6    was filed on August 8, 2013 by Defendants Airbnb, Balanced, CoinLab, Facebook, Facebook
7    Payments, Gumroad, Square, The Board of Trustees of the Leland Stanford Junior University, A-
8    Grade Investments, Andreessen Horowitz, Digital Sky Technologies, Kleiner Perkins Caufield &
9    Byers, Sequoia Capital, Union Square Ventures, Y Combinator, Brian Chesky; Max Levchin, Yuri
10   Milner, and Yishan Wong. Dkt. No. 91. Defendants Dwolla, Stripe, and Coinbase joined the
11   primary Motion to Dismiss and filed their own Motion to Dismiss. Dkt. No. 99. Defendant
12   ActBlue filed a separate Motion to Dismiss and joined the primary Motion to Dismiss on August
13   26, 2013. Dkt. No. 128. Defendant GoPago filed a Joinder in Defendants' motion on September
14   26, 2013. See Docket Item No. 148. The Investor Defendants filed a Motion for Sanctions on
15   September 5, 2013. See Docket Item No. 132.

## II. LEGAL STANDARD

17   An Article III federal court must first ask whether a plaintiff has suffered sufficient injury
18   to satisfy the "case or controversy" requirement of Article III of the U.S. Constitution. To satisfy
19   Article III standing, a plaintiff must allege: (1) an injury in fact that is concrete and particularized,
20   as well as actual and imminent; (2) that the injury is fairly traceable to the challenged action of the
21   defendant; and (3) that it is likely (not merely speculative) that injury will be redressed by a
22   favorable decision. Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc., 528 U.S. 167, 180-81
23   (2000); Lujan v. Defenders of Wildlife, 504 U.S. 555, 561-62 (1992). A suit brought by a plaintiff
24   without Article III standing is not a "case or controversy," and an Article III federal court therefore
25   lacks subject matter jurisdiction over the suit. "A party invoking the federal court's jurisdiction has
26   the burden of proving the actual existence of subject matter jurisdiction." Thompson v. McCombe,
27   99 F.3d 352, 353 (9th Cir. 1996). Federal courts are courts of limited jurisdiction, adjudicating
28   only cases which the Constitution and Congress authorize. Kokkonen v. Guardian Life Ins. Co. of

3

America, 511 U.S. 375, 377 (1994). If a court determines that it lacks subject matter jurisdiction, the court must dismiss the action. Fed. R. Civ. P. 12(h)(3).

## III. DISCUSSION

Defendants contend that Plaintiff's claims must be dismissed because Plaintiff does not have standing to pursue its federal law claim, this Court does not have subject matter jurisdiction over Plaintiff's state law claims, and Plaintiff fails to state a claim both in its federal and state law causes of action.

**A. Federal Law Claim**

The Court begins by analyzing Plaintiff's third claim for violations of the Lanham Act, 15 U.S.C. §§ 1051 et seq., as this is Plaintiff's only claim based on federal law. The "false advertising" prong of the Lanham Act provides: "[a]ny person who, on or in connection with any goods or services . . . uses in commerce any . . . false or misleading description of fact, or false or misleading representation of fact . . . shall be liable in a civil action by any person who believes that he or she is likely to be damaged by such act." 15 U.S.C. §1125(a). Plaintiff alleges that statements made by Dwolla in three publications and statements made by Stripe and Coinbase in their terms of service were false and caused injury to Plaintiff. Defendants Coinbase, Dwolla, and Stripe argue that Plaintiff lacks Article III standing to sue under the Lanham Act and the claim must be dismissed. This Court agrees.

As noted, Article III standing requires an injury in fact, causation, and redressability. Lujan, 504 U.S. at 560-61. Specifically, to establish standing under the Lanham Act, "a plaintiff must show: (1) a commercial injury based upon a misrepresentation about a product; and (2) that the injury is 'competitive,' or harmful to the plaintiff's ability to compete with the defendant." TrafficSchool.com v. Edriver Inc., 653 F.3d 820, 826 (9th Cir. 2011). A plaintiff can establish that "some consumers who bought the defendant's product under a mistaken belief fostered by the defendant would have otherwise bought the plaintiff's product." Id. at 825. To show that an injury is competitive, a plaintiff must "compete" with defendants, or "vie for the same dollars from the same consumer group" as the defendants. Id. at 827. This District has held that "competitors are persons endeavoring to do the same thing and each offering to perform the act, furnish the

4
Case No. 5:13-CV-02054-EJD
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

merchandise, or render the service better or cheaper than his rival." Brosnan v. Tradeline Solutions, Inc., 681 F. Supp. 2d 1094, 1101 (N.D. Cal. 2010).

Here, Defendants argue that Plaintiff lacks standing under the Lanham Act because it is not a competitor and therefore cannot claim any competitive injury. First, all the actions by Dwolla that allegedly violated the Act occurred after Plaintiff voluntarily shut down its FaceCash operation on June 30, 2011 and it was no longer competing with Defendants in the sense that it was no longer vying for the same dollars from the same consumer group, because it was no longer selling a similar product or services. The first alleged violation by Dwolla took place in November 2011, which is more than four months after Plaintiff had stopped operating FaceCash. So, although Plaintiff alleges that its sales and customers were directly diverted to Dwolla as a result of Dwolla's statements, all contested statements were made after Plaintiff already shut down its allegedly competing business and no longer had any sales or paying customers. Therefore, Plaintiff could not have suffered a competitive injury regarding its FaceCash payment services after June 30, 2011.

Further, the statements by Stripe and Coinbase that allegedly violate the Act were made as part of each company's terms of service, and it is unclear from the FAC when those statements were made.[1] If the statements were made after June 30, 2011, as indicated in Defendants' Motion, then Plaintiff was no longer a competitor. However, even if those statements were made before Plaintiff shut down its payment services, Plaintiff does not allege that it suffered any commercial injury as a result of the statements contained in Stripe and Coinbase's terms of service, only that they actually did and/or had the tendency to deceive Stripe's and Coinbase's customers and investors.

For these reasons, the Court finds that Plaintiff cannot show that it competed in the market with Defendants Dwolla, Stripe, or Coinbase once it voluntarily shut down its FaceCash payment services on June 30, 2011, nor can Plaintiff allege a commercial injury to meet the standing requirements of the Lanham Act. As such, Plaintiff's third claim is dismissed without leave to

---

[1] As noted in declarations submitted by Defendants, the version of Stripe's terms of service cited in the FAC is dated May 22, 2013 (Dkt. No. 99-1, at 1) and the version of Coinbase's terms of services cited in the FAC is dated August 1, 2012 (Dkt. No. 99-2, at 1). These dates are both more than a year after Plaintiff shut down its FaceCash operation.

5
Case No. 5:13-CV-02054-EJD
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

amend, because allowing for further amendment would be futile. Polich v. Burlington N., Inc., 942 F.2d 1467, 1472 (9th Cir. 1991).

**B. State Law Claims**

After determining that Plaintiff's one federal claim should be dismissed, the Court must determine whether Plaintiff's state law claims may properly remain in federal court. In the FAC, Plaintiff asserts that the federal question statute, 28 U.S.C. § 1331, applies to its UCL and unjust enrichment claims, which are based on violations of state and federal law, giving this Court subject matter jurisdiction over those claims. Plaintiff incorporates alleged violations of 18 U.S.C. § 1960 against Investor Defendants and violations of 18 U.S.C. § 1960 and 31 U.S.C. §§ 5316, 5318 against MSB Defendants. Defendants argue that the UCL and unjust enrichment claims arise under California law and Plaintiff does not identify any substantial federal question that must be resolved.

Although California's UCL allows for remedies based on violations of state and federal laws, the Ninth Circuit has determined that, "where there is no federal private right of action, federal courts may not entertain a claim that depends on the presence of federal question jurisdiction under 28 U.S.C. § 1331." Webb v. Smart Documents Solutions, LLC, 499 F.3d 1078, 1083 (9th Cir. 2007); see also Merrell Dow Pharm. Inc. v. Thompson, 478 U.S. 804, 814 (1986) (holding that the congressional determination not to provide a private cause of action under the federal statute constitutes "a congressional conclusion that the presence of a claimed violation of the statute as an element of a state cause of action is insufficiently 'substantial' to confer federal-question jurisdiction"); Utley v. Varian Assoc., Inc., 811 F.2d 1279, 1283 (9th Cir. 1987) (holding, in a case involving California state law claims including UCL, that "if a federal law does not provide a private right of action, then a state law action based on its violation perforce does not raise a 'substantial' federal question").

To determine whether a private right of action exists under a particular statute, the court must discern congressional intent by examining the language of the statute or the circumstances of

6

Case No. 5:13-CV-02054-EJD
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS

its enactment.[2] California v. Sierra Club, 451 U.S. 287, 293-94 (1981). Where a statute states no more than a general proscription of certain activities rather than focus on any particular class of beneficiaries whose welfare Congress intended to further, there is no indication of an intent to provide for private rights of action. Id. at 294. Criminal statutes and other such statutes which are created for the benefit of the general public are unlikely to give rise to a private right of action. Ford v. Artiga, No. 12-CV-02370, 2013 WL 3941335, at *8 (E.D. Cal. July 30, 2013) (citing Cannon v. Univ. of Chicago, 441 U.S. 677, 690-693 (1979)). 18 U.S.C. § 1960 criminalizes unlicensed money transmitting businesses, while 31 U.S.C. §§ 5316, 5318, 5330 are sections of a federal record-keeping statute, neither of which indicates the existence of a private right of action.

The Court finds that Plaintiff's state law claims do not contain substantial questions of federal law because the federal statutes relied on do not create a private right of action, and therefore the Court has no subject matter jurisdiction over these claims. Plaintiff did not raise the argument of supplemental jurisdiction, 28 U.S.C. § 1367, but even had this Court been asked to exercise supplemental jurisdiction over the state law claims, it would decline to do so as Plaintiff's only federal claim has been dismissed. Tr. of Constr. Indus. and Laborers Health and Welfare Trust v. Desert Valley Landscape & Maint., Inc., 333 F.3d 923, 926 (9th Cir. 2003).

## IV. CONCLUSION

For the foregoing reasons, Defendants' Motions to Dismiss are GRANTED and Plaintiff's Amended Complaint is dismissed without leave to amend. Furthermore, the Court does not believe that Rule 11 sanctions are warranted at this time. As such, Defendants' Motion for Sanctions is DENIED. The Clerk shall close this file.

**IT IS SO ORDERED**

Dated: March 24, 2014

EDWARD J. DAVILA
United States District Judge

---

[2] If these two factors indicate congressional intent to create a remedy, the court may inquire further to determine whether the purpose of the statute would be advanced by the judicial implication of a private action or whether such a remedy is within the federal domain of interest. Sierra Club, 451 U.S. at 298.

7
Case No. 5:13-CV-02054-EJD
ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS